PROPOSED VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROWENA WAGNER         ) | |
| ) | |
| Plaintiff         ) | |
| ) | No.\_\_\_04-264E\_\_\_\_ |
| vs.         ) | |
| ) | |
| ) | Bench Trial Requested |
| ) | |
| ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT   ) | |
| CRAWFORD CENTRAL SCHOOL BOARD   ) | |
| ) | |
| Defendants,     ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT   ) | Judge Sean J. McLaughlin |
| Defendant,     ) | |
| CHARLES E HELLER, III, ASSISTANT   ) | |
| SUPERINTENDENT     ) | |
| Defendant,     ) | |
| ) | |
| ) | |
| and,     ) | |
| ) | |
| THE CRAWFORD CENTRAL EDUCATION ASSOCIATION   ) | |
| PENNSYLVANIA STATE EDUCATION ASSOCIATION   ) | |
| NATIONAL EDUCATION ASSOCIATION   ) | |
| Defendants     ) | |

SECOND AMENDED
COMPLAINT
(Proposed Version)

(I)    Preliminary Statement

(1) Rowena Wagner brings this action as a consequence of being wrongfully denied
employment opportunities as a substitute teacher, a long-term substitute, and full time and
permanent teacher in the Crawford Central School District due to her race (Asian), and
national origin (Filipino). Plaintiff, a resident of Cochranton, Pennsylvania, initiates this
action pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C.A.,

42 U.S.C.A., section 2000e, at seq., and section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C.A. *section 1981, and 42 U.S.C.A. section 1983.*

Plaintiff seeks relief, also under relevant state law including the Pennsylvania Human Relations Act, *43 P.S. section 951 et seq.*

(II)    Jurisdiction

    (2) *The Court is vested with jurisdiction over the matters contained in the Amended Complaint* by virtue of 28 U.S.C.A. sections 1331, 1337, and 1343 (4) in that this action arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C.A. section 2000e et seq. and section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C.A. sections 1981 and 1983. This Court also has supplemental jurisdiction over all related claims by virtue of 28 U.S.C.A. section 1367.

(III)    Parties

    (3) *The Plaintiff Rowena Wagner, graduated from Edinboro University of Pennsylvania in May 2000.* She has a Bachelor of Science in Education degree, major in Elementary Education. Mrs. Wagner is certified to teach in the Elementary school system. This is her fifth year as a substitute teacher in the Crawford Central School District.

After she was summarily dismissed or terminated from a teaching position on December 20, 2002, *that she commenced on or about November 7, 2002, and was expected to hold* until January 17, 2003, or until Mrs. Pickens returned from her medical leave, Plaintiff filed with the Pennsylvania Human Relations Commission (dual filing with the United States Equal Opportunity Commission), a Complaint against Crawford Central School District. On June 22, 2004, Plaintiff received a Right to Sue Letter from the Pennsylvania Human Relations Commission that stated that the Commission had not completed processing the Complaint. The Right To Sue Letter is enclosed, identified as Exhibit (1), and incorporated herein by reference. The EEOC issued a Right To Sue Letter, which is shown as Exhibit (2).

(4) The Defendants, Crawford Central School District, and the Crawford Central School Board, consist of a Board of nine members, elected at large, who governs the District, and implements Board policy and state regulations through its principal administrators, the Superintendent of Schools and the Assistant Superintendent of Schools and other professional and supervisory staff. The Board is the supervisor of the Crawford Central School District. The Defendants' principal address is at 11280 Mercer Pike, Meadville Pennsylvania 16335-9504.

(5) In implementing board policy and state regulations, the Superintendent of Schools functions as the Chief Administrative Officer and is hired by the Board.

(6) The Defendant, Crawford Central Education Association, of which the Plaintiff is a member, is a local unit of the Pennsylvania State Education Association, having its address at 930 North Street, Meadville, PA 16335.

(7) The Crawford Central School Board approved the collective bargaining agreement with the Crawford Central Education Association.

(IV)    Statement of Facts

(8) The Plaintiff paid membership dues, a portion of which was allocated to the Pennsylvania State Education Association, and a portion allocated to the National Education Association. Since 2003, Plaintiff has been a member of the Crawford Central Education Association and Pennsylvania State Education Association and the National Education Association.

(9) Section 5 of the Constitution and Bylaws of the Crawford Central Education Association gave Plaintiff the right to request assistance from the Association respecting the investigation and the processing of her discrimination claims against the Crawford Central School District.

(10)    On September 7, 2004, the Plaintiff informed Dan Hootman, President of the Crawford Central Education Association and Doug Mehok, Vice President, of the discrimination complaint that she had filed with the Pennsylvania Human Relations Commission (PHRC) against the School District alleging the difficulties that she had encountered in obtaining a full time teaching position with the School District. And she

met with Kathy Mercatoris, a Union representative, in Cochranton Elementary School in January 2003 regarding her complaint.

(11) At the meeting of September 7, 2004 with Plaintiff, Mr. Hootman assured Plaintiff that he would look into her complaint, her membership status with the Association, and possible courses of action. Plaintiff sent a letter to Dan Hootman before she met with him on September 7, 2004.

(12) Since meeting with Plaintiff in September 2004, Mr. Hootman has failed to respond to Plaintiff's request for assistance, even though Plaintiff has insured that Mr. Hootman and Association officials received copies of all teaching positions that she has continuously applied for since September 2004.

(13) When Plaintiff became a member of the Association, she was promised legal advice if her problem was employment-related.

(14) It is documented that the PSEA represented James Born, a white male teacher involving a proceeding before the Pennsylvania Department of Education in 2002/2003 in which the revocation of his teacher certification was challenged.

(15) In 2004 and 2005, the Crawford Central Education Association, a unit of the PSEA, denied Claudette deLeon, a tenured Hispanic teacher who was a member of the Association, legal representation to challenge and appeal an adverse arbitration award. The Association seeks to intervene in an appeal to deny Ms. deLeon's right of access to the State Court.

(16) Pennsylvania State Education Association of which the Crawford Central Education Association is a local unit, expressly declared in its official documentation, 2004 Enrollment Form 2005, its commitment to equitable representation of members of ethnic minority groups at all governance levels of the Association. The Enrollment Form informs the Association of the profile of its workforce in terms of race and ethnicity.

(17) The Plaintiff applied for a substitute teaching position with the Defendant, Crawford Central School District, in August 2001.

(18) During the school year of 2001-2002, she worked as a substitute teacher in various elementary schools in the Crawford County School District at least eighty-five (85%) percent of the school year.

(19) In November 2002, Plaintiff was hired to replace a full time teacher who took sick leave due to surgery for the remainder of the semester that was to conclude on January 17, 2003 or upon her return from sick leave.

(20) In November 2002, the full time teacher whom the Plaintiff replaced during her medical leave reached an understanding with the Administration that the Plaintiff would be allowed to fill her position at least until the end of the semester which concluded in January 2003, it being understood that the position may be put up for bid at that time.

(21) During November 2002, after the Plaintiff had assumed her substitute teaching position, she was subjected to two classroom observations, the first administered by the Assistant Superintendent and the second administered by the school principal. The results of the first were less favorable than the evaluation results of the latter. However, the first evaluation was not viewed as failing.

(22) On December 20, 2002, the Defendants, Crawford Central School District and the Board summarily dismissed the Plaintiff, and replaced her with another teacher who is Caucasian.

(23) By practice, the Defendants, Crawford Central School District and the Board customarily filled vacancies of the teaching staff caused by medical, sabbatical, and other unexpected leaves on the recommendation of the full time teacher who was replaced. On December 20, 2002, the Defendant did not follow its established employment practice when it dismissed Plaintiff and replaced her during mid-semester in a manner that had not been done before.

(24) Plaintiff applied for a vacant full time third grade teaching position at Neason Hill Elementary School that was posted, became available on November 12, 2002, and for which applications were being accepted. On December 11, 2002, the Defendant notified Plaintiff that the position, inexplicably, no longer existed.

(25) During 2002, 2003, and 2004, and 2005, Plaintiff unsuccessfully applied for more than seventy-five (75) long-term substitute and full time permanent teaching positions in Crawford County School District. Plaintiff was fully qualified for such vacant positions by all standards established by the Defendants.

(26) The postings for at least ten (10) of the teaching positions for which Plaintiff applied, did not receive a bid from a member of the Crawford Central Education Association, the local union.

(27) On April 11, 2003, the Defendant, Michael E. Dolecki, Superintendent, notified its insurer of the Plaintiff's discrimination claim filed with the PHRC on February 20, 2003. The Defendants, Crawford Central School District and the Board knew or should have known of Plaintiff's Complaint filed with the PHRC on February 20, 2003.

(28) It is reported that as of May 2004 that the Crawford Central School District services more than 4300 students, at least 300 of whom are minorities, but there are few, if any, teachers, counselors or administrators of color. During the past fifteen (15) years, the District has employed approximately four (4) minority elementary classroom teachers out of a total complement of approximately 130 elementary teaching staff. Since school year 1994/1995, the Crawford Central School District workforce profile includes no Asian full time elementary teacher, one or two (2) Afro-American elementary teachers, and two (2) Hispanic elementary teachers. For class year 2004/2005, only one (1) Afro-American elementary teacher is shown as employed with the School District and no Asian or Hispanic teacher is shown as employed with the School District.

(29) By established procedures, applicants for teaching positions are recommended by the administrators to the Board to be hired for a long-term substitute or permanent full time teaching position. Substitute teachers are hired from a List, which is approved by the Defendant Board.

(30) The Defendants, the Central Crawford School District and the Board, employed or hired long term substitute and permanent teaching staff by officially approving the candidate recommended by the Administrators.

(31) Since 2001, the Plaintiff's race, national origin, and ethnicity have been made known to the Defendants through written communications, which the Plaintiff identified her, race, national origin and ethnicity.

(32) In October 1983, the Defendants, Crawford Central School District and its Superintendent were successfully sued for sexual and racial discrimination in the employment of its administrative and managerial staff. For school year 2004/2005, it is reported that the School District employed no Afro-American, Asian nor Hispanic Administrative/ Supervisory staff

(33) From 1995 to 1999, a member of the Defendant Board brought to the attention of

members of the Defendant Board, on at least thirty (30) occasions the persistent

*discrimination problems in failing or refusing to hire minority teaching staff.*

(V)    Causes of Action

Paragraphs 1 through 33 are incorporated in each of the following causes of action as though fully set forth.

## FIRST CLAIM FOR REFIEF
### (Disparate Treatment)

(34)    In denying Plaintiff employment opportunities as a substitute, long-term substitute and permanent full-time teacher, because of her race and national origin, the Defendants, Crawford Central School District and the Board unlawfully discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended.

(35)    The Defendants, Crawford Central School District and the Board, unlawfully discriminated against the Plaintiff in that she was treated less favorably or more harshly than her professional teaching cohorts, specifically because:

(a)    Plaintiff was subjected to interviews and classroom observations for teaching positions for which she applied, whereas other applicants including substitute teachers got long-term substitute contracts and full time teaching positions without an interview and/or classroom observation.

(b)    Applicants for long-term substitute positions, who were inexperienced, and less qualified than Plaintiff, successfully got teaching positions.

(c)    Applicants for full time teaching positions, who were inexperienced and less qualified than Plaintiff, successfully got teaching positions.

(d)    Applicants for substitute teaching positions who were less qualified and experienced Plaintiff were accorded greater teaching opportunities than Plaintiff.

(e)    Plaintiff was subjected to ambiguous, arbitrary evaluation criteria.

(f)    The Defendants, Crawford Central School District and the Board failed to equitably and fairly consider Plaintiff's application even in instances where no member of the Association (local Union) bid on the vacant positions.

(g)    The Defendants, Crawford Central School District and the Board unfairly conducted job postings so as to disadvantage Plaintiff in her job search and application process.

(h) The Defendants, Crawford Central School District and the Board dealt with the Plaintiff in a manner that foreclosed her from acquiring benefits as a result of working ninety (90) consecutive days.

(i) Plaintiff was wrongfully deprived of professional, economic and other benefits that would have otherwise accrued to her as a member of the Association, and as a long-term substitute or full time, permanent teacher as a result of Defendants' unlawful and discriminatory employment practices.

(j) The Defendants, Crawford Central School District and the Board discriminated against the Plaintiff when it summarily dismissed Plaintiff on December 20, 2002, and deviated from its customary employment practice in hiring substitute teachers as replacements for full time teachers who unexpectedly took medical or sabbatical, or other type of leave.

(k) Plaintiff was dismissed shortly after she had commenced her expected period of employment in November 2002. Upon her abrupt dismissal, Plaintiff was replaced by a white female who did not undergo a formal and legitimate class observation, was hired from outside the bargaining unit in violation of the collective bargaining agreement, and was selected by an Interview Process in which several of the Evaluation Forms were left unsigned by the Evaluators.

(l) Additionally in 2004, the Defendants hired nine (9) new teachers including one minority, some being less qualified than Plaintiff, but unjustifiably rejected the Plaintiff's application. Unlike Plaintiff, some applicants in the pool from which the position was filled did not undergo a classroom observation, which was required of Plaintiff.

(m) As recent as September 2004, after Plaintiff's lawsuit had been filed, the Defendants have filled teaching positions for which Plaintiff applied, without posting them and unlawfully rejected Plaintiff's application without affording her an opportunity to be interviewed for the vacant positions.

(n) In violation of state regulations and policies, and in disregard of Plaintiff's numerous letters of interest in full time teaching opportunities, the Defendants hired teaching staff pursuant to an emergency permit when Plaintiff was available as a fully qualified and properly certificated applicant.

(o) Plaintiff was wrongfully and discriminatorily denied the right to pursue her discrimination claims through the School District's grievance procedure through which substitute teachers' claims were to be processed.

Paragraphs 1 through 35 are incorporated in each of the following Causes of Action as though fully set forth.

## SECOND CLAIM FOR RELIEF

### (Retaliation)

(36)    Defendants, Crawford Central School District and the Board through their employees and agents unlawfully retaliated against Plaintiff by denying her employment opportunities as a substitute, long-term substitute, and full-time teacher because she lodged a discrimination complaint with the Pennsylvania Human Relations Commission, and the Equal Employment Opportunity Commission and filed a lawsuit in federal court, and vigorously sought to vindicate her statutory and constitutional rights through the established grievance procedure of the School District.

(37)    Plaintiff was wrongfully denied the opportunity and right to apply for a Fourth Grade Teacher position at Cochranton Elementary School on September 24, 2004 to teach during the school year 2004/2005 because the principal of the school instructed her that she was ineligible to apply for the position because she had filed the federal lawsuit against the Crawford Central School District earlier in September 2004.

(38)    Plaintiff was denied the right to pursue her discrimination claims against the School District through the established grievance procedures of the School District because she filed complaints with the PHRC, EEOC, the Crawford Central Education Association and the United States District Court for the Western District Court of Pennsylvania.

(39)    Plaintiff's opportunities to teach as a substitute teacher were adversely affected after she filed complaints with the PHRC, EEOC, and the Federal Court. Prior to filing the complaint in 2003, she taught as a substitute 80% to 90% of the school year 2001/2002. After the filing the complaint, her teaching opportunities fell precipitously in the 2003/2004, 2004/2005 and 2005/2006 school years. During these school years, the Crawford Central School District had an increased need for substitute teachers.

Paragraphs 1 through 41 are incorporated in each of the following Causes of Action.

(40)    Because Plaintiff file an administrative Complaint with the PHRC and a lawsuit in Federal Court in 2004, the Defendant, School District has denied Plaintiff interviews for vacant teaching positions.

(41)    Defendant retaliated against Plaintiff by denying her the opportunity to substitute for Mrs. Tammy Costello, a Second Grade teacher of First District Elementary School who took maternity leave from August 31, 2005 to November 2005.

## THIRD CLAIM FOR RELIEF

### (Discriminatory Employment Practices and Actions)

(42)    The Defendants, Crawford Central School District, the School Board and the Administrators engaged in discriminatory actions and practices respecting Plaintiff's efforts to obtain employment with the Crawford Central School District as a substitute, long term substitute and full-time teacher, and the Plaintiff has been damaged by such actions because the named Defendants:

(a) failed to process Plaintiff's discrimination claims according to the Crawford Central School District Affirmative Action Program for Employment/Contract Practices (Adopted May 21, 1990);

(b) failed to implement the Commonwealth and School District Nepotism Policy and thereby hired teachers and professional staff in violation of official policy and invalid and unlawful criteria, rather than Plaintiff who was qualified.

(c) In violation of state regulations and established policies, employed teaching staff with emergency permits ahead of Plaintiff who was qualified and certified substitute;

(d) employed teachers who were not properly certificated in violation of state laws, rather than Plaintiff who was qualified for the particular vacant teaching position;

(e) applied a double standard in evaluating Plaintiff's qualifications and the relevant job criteria.

(f) Some substitute teachers were paid on a step basis after 90 consecutive days of employment, whereas Plaintiff was never accorded those type of benefits even when she substituted for Mrs. Pickens.

(g) The statistical racial and national origin profile of the elementary teaching staff (and the general workforce) of Crawford Central School District staff since 1990/1991 school year up to and including the present school year raises an inference of discriminatory practices with respect to the employment of minorities.

(h) Plaintiff unsuccessfully sought discovery of EEO-5 Reports for 1990, 1991, 1992, 1993, 1994 and 1995. Because the Defendant Crawford Central School District failed to produce the requested documents for the referenced period, stating that they were discarded, Plaintiff believes that such documents were destroyed, or not maintained and reported in accordance with federal Equal Employment Opportunity regulations.

(i) Because the Defendant Crawford Central School District failed to produce, pursuant to discovery, its substitute teacher list for school year 2002/2003, stating that they have been lost, Plaintiff believes that the Defendant employed unqualified and uncertificated substituted teaches during the 2002/2003 school year in violation of state law.

Paragraphs 1 through 42 are incorporated by reference in each of the following Causes of Action.

## FOURTH CLAIM FOR RELIEF

(43)   The Defendants violated Plaintiff's employment, legal and constitutional rights to contract, free of discrimination and to make and enforce contracts and to enjoy the benefits, privileges, terms and conditions of contracts on the basis of equality per section 1981 of the Civil Rights Act of 1866.

(44)   On December 20, 2002, Plaintiff's professional and contractual relationship was unfairly, unlawfully, and arbitrarily terminated by Defendants, Crawford Central School District and the Board for pretextural and non-meritorious and discriminatory reasons.

(45)   Over the span of four (4) years, the Plaintiff's persistent efforts to obtain a long-term substitute and permanent full-time teaching position with Defendants, Crawford Central School District and the Board commensurate with her abilities, and record of being a highly qualified teacher, were callously disregarded and rebuffed.

(46)   Plaintiff was unlawfully denied opportunity to become a full fledge member of the local Union, and deprived of the economic benefits that she would have otherwise realized.

(47)    The Defendant, Crawford Central School District and the Board are organized and operated under the laws of the Commonwealth of Pennsylvania. It is believed that the Defendants are funded by state and federal public monies.

(48)    The unlawful and discriminatory employment practices in which the Defendants have engaged and the abusive acts of authority that the Defendants have perpetrated on the Plaintiff committed under the authority of state law.

(49)    Through their agents, the Defendants violated Plaintiff's constitutional rights under Title 42, sections 1981, and 1983 and the Fourteenth Amendment.

(50)    The Defendants approved of, acquiesced in a longstanding custom, policy or tradition of denying Plaintiff and minorities equal employment opportunities and engaged in unlawful employment practices that exclude minority group members.

(51)    Because the constitutional wrongs and deprivations inflicted on the Plaintiff are continuing in nature, the Plaintiff seeks injunctive relief since there is no adequate remedy at law to appropriately address her pain and suffering, irreparable loss, damages and injuries.


## FIFTH CLAIM FOR RELIEF

(52)    The Defendants, Crawford Central School District and the Board unlawfully discriminated against Plaintiff regarding the terms, and conditions of her employment because of her race and national origin, and, therefore, violated the Pennsylvania Human Relations Act.


## SIXTH CLAIM FOR RELIEF

(53)    The employment discrimination practiced on the Plaintiff by the Defendants, Crawford Central School District and the Board damaged the Plaintiff economically, professionally, and inflicted severe emotional, psychological distress, as well as, humiliation, degradation and other pain and suffering recoverable as a tortious claim under relevant state law.


Paragraphs 1 through 53 are incorporated in each of the following Cause of Action by reference.

## SEVENTH CLAIM

### (Plaintiff (v) Crawford Central Education. Education Association, Pennsylvania State Education Association, the National Educational Association

(54)    The Crawford Central Education Association (CCEA) PSEA and the NEA breached the contractual relationship that existed between them and the Plaintiff by virtue of her Association (Union) membership derived through dues paying to the named Defendants. The CCEA, PSEA and NEA owed Plaintiff certain duties and responsibilities that arose out of that contractual relationship including, but not limited to, the investigation of her discrimination claims, the processing of such claims and the provision of legal representation. *The Plaintiff is recognized in section 5(d) of the Constitution* and Bylaws of Crawford Central Education Association as a beneficiary of the contractual obligations that the named defendants committed to perform. As early January 2003, Plaintiff met with Ms. Mercatoris, a Union Representative and apprised her of the discriminatory action the School District inflicted on her.

(55)    The Crawford Central Education Association (CCEA), PSEA and the NEA breached the contractual relationship that existed between them and the Plaintiff by virtue of her Union membership. In failing to represent Plaintiff in her quest to make and enforce her *constitutional rights to contract with the Crawford Central School District, et al,* unfettered by racial and national origin discrimination, the CCEA, PSEA and NEA engaged in prohibited discriminatory animus against the Plaintiff on the basis of national origin and race.

(56)    The CCEA, PSEA and NEA have consciously and purposely discriminated in providing professional support services to white Union members but refused to provide such services to minority Union members.

## VI.    Relief Sought

(1) Declare that the employment practices stated in the Complaint are unlawful and unconstitutional, and that they violate the Civil Rights Act of 1964, as amended, sections 1981 and 1983 of the Civil Rights Act of 1866, and the Pennsylvania Human Relations Act, 43 P.S. section 951, et seq. *and find liability on the part of the Crawford Central School District* and the Board.

(2) Find that CCEA discriminated against Plaintiff in violation of section 1981.

(3) Order the Defendants to assign the Plaintiff to a long-term or full-time teaching position within *the District suitable to her professional background.*

(4) Order the Defendants to make Plaintiff whole by providing appropriate back pay including payment for loss of pension, retirement, medical and other benefits to which she is entitled.

(5) Order the Defendants, Crawford Central School District and the Board to make Plaintiff whole by providing appropriate compensatory damages, in an amount in excess of $50,000.

(6) Order that the CCEA, PSEA, and NEA provide such equitable relief and damages as are just, appropriate and proper;

(7) Grant Plaintiff reasonable costs, and attorney fees;

(8) *Order the Defendants, Crawford Central School District and the Board to implement an* affirmative action plan to diversify its teaching staff.

(9) Grant other relief as this Court deems just, appropriate, and proper.


Respectfully submitted,


Caleb L. Nichols
Pa. Atty. No. (18773)
P.O. Box 1585
Erie, PA  16507
(814) 838-1877



Date:   November 23, 2005

**EXHIBIT 1**

Chairperson
STEPHEN A. GLASSMAN
Vice-Chairperson
RAQUEL OTERO de YIENGST
Secretary
SYLVIA A. WATERS
Executive Director
HOMER C. FLOYD

EXHIBIT  A

COMMONWEALTH OF PENNSYLVANIA
HUMAN RELATIONS COMMISSION
301 Chestnut Street, Suite 300
P.O. Box 3145
Harrisburg, PA 17105-3145
(717) 787-4410 (Voice)
(717) 787-4087 (TT)

DANIEL D. YUN

www.phrc.state.pa.us

June 22, 2004

Rowena Wagner
Rowena Wagner
166 N. Franklin Street  P.O. Box 781
Cochranton, PA 16314

RE:    Rowena Wagner v Crawford Central School District
       Case No. 200206912
       EEOC No. 17FA361963

Dear Mrs Rowena Wagner:

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43, P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. The Commission is continuing to process your case, and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assume that you want the Commission to continue handling your case.

If you do file a complaint in a Court of Common Pleas, the Commission will dismiss your complaint. This means that you will be unable to have the Commission decide your case even if your complaint is dismissed in State Court because of a procedural error. Procedural errors may include filing the complaint in State Court in the wrong county or filing in State Court after your time to file has expired. For this reason, you should make every effort to assure that any complaint you file in State Court will be properly filed before you file it.

If you believe you might want to take your case to State Court, we suggest that you consult a private attorney about representing you in that action. This should be done before you file the complaint so that your attorney may advise you on the best course of action for you to take.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the Pennsylvania Human Relations Act to serve the Human Relations Commission with a copy of the Court complaint. This copy must be served on the Commission at the same time you file it in Court. The copy is to be sent to:

       Elisabeth S. Shuster, Chief Counsel - Pennsylvania Human Relations Commission
       301 Chestnut Street - Suite 300   P.O. Box 3145
       Harrisburg, PA 17105-3145

If you have any questions concerning this matter, please feel free to contact the investigator who is handling your case.

Very truly yours,

Peggy J. Raynock
Director of Compliance
PJR: vll

EXHIBIT "A"

1 Yr Letter

**EXHIBIT 2**

EEOC Form 161 (3/98)            U.S   QUAL EMPLOYMENT OPPORTUNITY COM    SION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Rowena Wagner                                 From:   Philadelphia District Office
     166 N. Franklin Street                                21 South 5th Street
     Cochranton, PA 16314                                  Suite 400
                                                           Philadelphia, PA 19106

[  ]   On behalf of person(s) aggrieved whose identity is
       CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2003-61963 | State & Local Unit | (215) 440-2600 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]   Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[  ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[  ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]   While reasonable efforts were made to locate you, we were not able to do so.

[  ]   You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[  ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Marie M. Tomasso_                                        December 22, 2004

**Marie M. Tomasso,**                                        (Date Mailed)
**Director**

Enclosure(s)

cc:  **CRAWFORD CENTRAL SCHOOL DISTRICT**
     **c/o Richard Perhacs, Esquire**
     **120 W. 10th Street**
     **Erie, PA  16501**

（continuation）

2002-06912

'G 2 6 2004

| | |
|---|---|
| **Case #:** 200206912D | **Subject Area:** Employment |
| **Filing Date:** 02/20/2003 | **Office:** Pittsburgh |
| **Docket Date:** 02/25/2003 | **Intake Staff:** David Jones |
| **Closing Date:** | **Investigator:** Catherine Leete |
| **Docket #:** | **Attorney:** |
| **RFI #:** | **Status:** Open |

**Complainant**
Rowena Wagner
166 N. Franklin Street
Cochranton, PA 16314
(814)425-7651

**Respondent**
Crawford Central School
District
11280 Mercer Pike
Meadville, PA 16335-9504
(814)724-3960

**Priority:** Normal
**EEOC #:** 17FA361963
**HUD #:**
**Court Docket #:**

**Category:** Dual Filed
**Last Activity:** Closure Requested - NPC - No Probable Cause
**Submitted To:** Homer Floyd    M3

**No Primary Role Chosen**

**Respondent Attorney**
Richard Perhacs
120 W. 10th St.
Erie, PA 16501
(814)459-2800

---

**Counts**

Employment(Hire (refusal to))--National Origin(Philippines)
Employment(Hire (refusal to))--Race(Asian)
Employment(Discharge)--Race(Asian)
Employment(Discharge)--National Origin(Philippines)

**Related Cases**

---

- ☒ In Court?
- ☒ Preliminary Hearing?
- ☒ Civil Tension Incident?
- ☒ Special Circumstances?

- ☒ Probable Cause Approved?
- ☒ Accommodation Requested?
- ☒ Notes in Case?
- ☒ Special Service?

Homer C. Floyd 8/26/04

MAILED
AUG 26 2004
COMPLIANCE DIV