IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROWENA WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04-264E |
| vs. ) | |
| ) | Bench Trial Requested |
| CRAWFORD CENTRAL SCHOOL DISTRICT ) | |
| CRAWFORD CENTRAL SCHOOL BOARD, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT, ) | |
| ) | Judge Sean J. McLaughlin |
| Defendant, ) | |
| ) | |
| CHARLES E. HELLER III, ASSISTANT ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| CRAWFORD CENTRAL EDUCATION ) | Electronically Filed |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

RESPONSE OF CRAWFORD CENTRAL EDUCATION ASSOCIATION
TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND
FIRST AMENDED COMPLAINT

COMES NOW Defendant Crawford Central Education Association (hereinafter the "Association" or "CCEA") and responds to Plaintiff's Motion for Leave to Amend First Amended Complaint by opposing further amendment. Further, the Association respectfully requests that the Court deny Plaintiff's Motion on the grounds that further amendment of the Complaint would be futile, will unduly prejudice the Association and its potential co-defendants,

and will cause unnecessary delay in the resolution of this case. In support of its position, the Association states:

1. Plaintiff filed her initial Complaint with this Court on September 15, 2004.

2. On or about October 8, 2004, Plaintiff filed an Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure (hereinafter "Rule 15(a)").

3. Waiver of Service of Summons was effectuated on October 21, 2004.

4. The Association filed a Motion to Dismiss Complaint on or about December 17, 2004.

5. The Association answered the Amended Complaint on or about March 17, 2005.

6. On or about November 25, 2005, Plaintiff filed a Motion for Leave to Amend First Amended Complaint pursuant to Rule 15(a).

7. The parties have engaged in extensive written and oral discovery, including written interrogatories and responses, document production, and depositions of the Plaintiff, former or current members of the Crawford County School Board, representatives of the Crawford Central School District, the President of the Crawford Central Education Association, and teachers currently or formerly employed by the Crawford County School Board.

8. Plaintiff was employed by the Crawford Central School District as a substitute elementary-school teacher beginning in the 2001-02 school year.

9. The events and/or decisions involving the Association that are alleged by the Plaintiff in her Complaint and First Amended Complaint occurred in December, 2002.

10. Plaintiff applied for membership as a "Substitute" in the Crawford Central Education Association on or about February 5, 2004, and paid the $40.00 membership fee. See Plaintiff's Exhibit 1 to her proposed Seconded Amended Complaint.[1]

11. The Crawford Central Education Association is the bargaining representative of education professionals employed by the Crawford Central School Board (hereinafter the "School Board") in the Crawford Central School District, and at all times relevant to this case has been a party to a collective bargaining agreement entered into as authorized by the Pennsylvania Public Employe Relations Act, 43 P.S. §11-1101 et. seq. See Collective Bargaining Agreement, attached hereto as Exhibit A.

12. The Crawford Central Education Association is an independent entity affiliated with the Pennsylvania State Education Association (hereinafter "PSEA") and the National Education Association (hereinafter "NEA"). See Plaintiff's Exhibit 1 to the Proposed Second Amended Complaint.

13. Neither PSEA nor NEA is a party or a signatory to the collective bargaining agreement entered into by the Association and the School Board.

14. In addition to adding PSEA and NEA as defendants in this matter, Plaintiff seeks by her proposed Second Amended Complaint to add the following new Statements of Fact and allegations in Section IV:

   (a) Numbered paragraphs (8) through (16) that concern: Plaintiff's alleged membership in the Association, PSEA, and NEA; Plaintiff's alleged right to legal assistance; Plaintiff's alleged communication with Association officers and representatives; allegations concerning James Born; allegations concerning Claudette deLeon; allegations concerning equitable minority representation at all governance levels of the Association and workforce race and ethnicity;

---

[1] Information on the photocopied application form that is Plaintiff's exhibit is partially obliterated apparently by a sticker that had been placed on the application before it was received by Defendant CCEA. Our review of a copy of the original document reveals that no essential relevant information has been obscured.

3

    (b)    Numbered paragraphs 18 ("at least eighty-five (85%) percent of the school year") and 19 ("or upon her return from sick leave");

    (c)    Numbered paragraphs 20 (substituting for a teacher on medical leave; bidding as to position) and 21 (classroom observations of Plaintiff as substitute teacher);

    (d)    Numbered paragraph 23 added an allegation as to manner of replacement of Plaintiff;

    (e)    Numbered paragraph 25 added reference to "2005"; substituted "vacant" for "open";

    (f)    Numbered paragraph 26 increased the number of teaching positions for which Plaintiff allegedly applied;

    (g)    Numbered paragraph 28 added three allegations concerning minority representation among teachers;

    (h)    Numbered paragraph 29 added an allegation as to substitute-teacher hiring;

    (i)    Numbered paragraph 31 added an allegation about Plaintiff's self-identification as to "race, national origin and ethnicity"; and

    (j)    Numbered paragraph 32 added an allegation concerning the School District's employment of minorities.

15.    In the Plaintiff's First Claim for Relief ("Disparate Treatment") she has added the following claims:

    (a)    Numbered paragraph 34 added a claim as to denial of employment opportunity as a substitute; and

    (b)    Numbered paragraph 35 added new claims as to classroom observations and full time teaching positions (a); substitute teaching opportunities for other persons (d); evaluation criteria (e); foreclosing Plaintiff from acquiring unnamed benefits (h); Plaintiff's dismissal and replacement (k); classroom observations of teacher applicants (l); lack of opportunity for Plaintiff to be interviewed for vacant positions (m); disregard of Plaintiff's expressed interest in full-time teaching opportunities (n); and pursuit of discrimination claims through the School District's grievance procedure (o).

16.    In the Plaintiff's Second Claim for Relief ("Retaliation") she has expanded the allegations in Paragraph (38) to include the Association.

4

17. In the Plaintiff's Seventh Claim ("Plaintiff (v) Crawford Central Education. Education Association [*sic*], Pennsylvania State Education Association, the National Education Association") the Plaintiff has added allegations as to duties or responsibilities of these three entities to investigate and process Plaintiff's legal claims and provide her legal representation (Paragraph 54); the entities' breach of "the contractual relationship" (Paragraph 55); and the entities' discrimination in providing professional support services to minority Union members (Paragraph 56).

18. As to "Relief Sought", Plaintiff seeks a finding that the Association "discriminated against Plaintiff in violation of Section 1981" and that the Association, PSEA and NEA provide appropriate equitable relief and damages.

19. None of the existing or additional allegations against Defendant Crawford Central Education Association or proposed new Defendants Pennsylvania State Education Association and National Education Association state claims upon which relief may be granted.

20. Although Plaintiff and her counsel had known or should have known of them when the First Amended Complaint was originally filed in October, 2004, she belatedly offers several proposed new factual averments that are improper and irrelevant, would extremely prejudice members of the Pennsylvania State Education Association and National Education Association, and will require additional discovery to refute and will cause additional, unnecessary delay in the resolution of this case.

WHEREFORE, for the above stated reasons, Defendant Crawford Central Education Association respectfully requests that This Court deny Plaintiff Rowena Wagner's Motion for Leave to Amend First Amended Complaint.

Respectfully submitted,

By:    s/Richard S. McEwen
Richard S. McEwen, Staff Attorney
PSEA
4250 Route 6N
Edinboro, PA  16412
(814) 734-7660
(814) 734-7660 (Fax)
rmcewen@psea.org
I.D. No. PA76659