**EXHIBIT 7**



*Leadership for Public Education*

# Policy Manual

## SEPTEMBER 2004

*REVISED JULY 2005*

## 8. LEGAL SERVICES

**Eligibility**[1]

In order to be eligible for PSEA legal assistance, a person must meet the following three eligibility requirements:

Appropriate membership in PSEA at the time the Application for Legal Assistance is filed;

Appropriate membership in PSEA during the preceding school year, unless the applicant was not eligible for such membership at the time;

Appropriate membership in PSEA at the time of the event which precipitated the filing of the Application for Legal Assistance.

PSEA will consider as eligible for legal services a retired member who has joined PSEA-Retired and who needs legal assistance relating to a retirement issue relating back to his/her employment while a PSEA member, so long as his/her membership in PSEA-Retired was continuous with his/her membership in PSEA, and his/her appropriate membership in PSEA was continuous for 90 percent of his/her service including the last five years of his/her active employment up to retirement.

**Coverage**

Member

PSEA shall provide an eligible member with legal advice from a PSEA attorney on a legal problem which is employment-related.

PSEA shall provide an eligible member with legal representation by a PSEA attorney on a legal matter which is employment-related, subject to reasonable regulations which PSEA adopts to implement this policy.

The PSEA Legal Services Program does not discriminate against applicants on the basis of race, color, national origin, creed, gender, sexual orientation, age, handicap, marital status, or economic status. This addition is required of all state affiliates of the NEA.

---

[1] As used in this section, "appropriate membership in PSEA" shall be life membership or that category of membership which allows the greatest participation for which the applicant is/was entitled of the following: active membership; education support professional membership; reserve membership; affiliate membership (PSEA Health Care).

Association

PSEA shall provide an association with legal advice from a PSEA attorney on a legal problem which affects the legal status, rights, or responsibilities of the association.

PSEA shall provide an association with legal representation from a PSEA attorney on a legal problem which affects the legal status, rights, or responsibilities of the association, subject to reasonable regulations which PSEA adopts to implement this policy.

**Procedure**

A member of the Association shall contact the UniServ representative to obtain an application for legal assistance. The UniServ representative shall mail the applicant the appropriate application, a letter, and a copy of the PSEA policy in question-and-answer form. The applicant shall complete two copies of the application, keeping one for his/her records and transmitting the other to the UniServ representative. The UniServ representative shall then make two copies of the application, transmitting one to the local association president and retaining one for his/her records. The UniServ representative shall then contact the local association president to ascertain whether the association supported the application and whether the applicant was an eligible member. The UniServ representative shall transmit the forms and application to the PSEA general counsel. The region attorney shall also transmit copies of the legal assessment form to the region president and the UniServ representative. The region attorney shall retain a copy of the application and legal assessment form for his/her files.

The PSEA general counsel shall then decide whether to approve or reject the application. If the decision is to approve, the general counsel shall mail the appropriate letter to the applicant, region attorney, UniServ representative, regional field director, and region president. If the decision is to reject, a different letter shall b mailed to the same parties together with an explanation to the applicant of how he/she might appeal the decision. If the applicant decides to appeal the general counsel's decision, he/she shall be entitled to present his/her case to the PSEA president and vice president or their designees and an officer of the PSEA designated by the PSEA president in Harrisburg. The decision of this committee shall be final.

The practice has been and will continue to be that PSEA will provide legal services at the initial level to any member who needs representation due to an involuntary loss of employment, such as dismissal or furlough. However, if the initial level is a grievance, the provision of legal services is contingent upon the decision of the local association to proceed to arbitration.

However, the PSEA general counsel may deny legal services in a dismissal case upon recommendation by the region attorney where the opinion of the region attorney is that a

76

> reasonable settlement offer has been made by the employer, but refused by the member, and where the region attorney and general counsel are of the opinion that the member has no reasonable chance of prevailing in a dismissal hearing. When the settlement has been offered in grievance arbitration, denial of legal services is contingent upon the local association's concurrence that the settlement offer is reasonable.

In cases where the PSEA general counsel denies legal services to a member who challenges his or her dismissal at a school board hearing, the following shall apply:

> If the member proceeds to a board hearing at his/her own expense and prevails on the merits, PSEA will reimburse the member for legal fees at the rate of $75 per hour to a maximum of $10,000. This option shall only be available where PSEA denies funding of the case; and

> In the event a member requests to appeal the decision of the general counsel, as set forth below, reasonable adjustments may be made to the appeal process in order to expedite the decision of the appeals committee.

**Appeal Procedure**

> The PSEA general counsel shall mail a Notice of Intent to Appeal form with the notification that the applicant's application has been rejected.

> The applicant shall return such form to the executive director of PSEA within fifteen (15) days of receipt.

> A Governance Appeals Committee consisting of the PSEA president and vice president or their designees, and an officer of the PSEA designated by the PSEA president shall set a meeting date to hear the appeal, such date to be within thirty (30) days of receipt of the applicant's notice of intent to appeal.

> The executive director shall notify the applicant of the time, date and place of the hearing. Such notice shall be mailed at least ten (10) days in advance of such hearing. The hearing shall be held at PSEA headquarters in Harrisburg, unless otherwise agreed by the committee.

> The executive director's communication to the applicant shall apprise him/her of his/her right to have any person or persons speak on his/her behalf at the hearing.

> The committee shall issue its decision within five (5) days of the hearing. Such decision shall be final and shall be communicated immediately to the applicant and the appropriate UniServ representative in writing.

> An applicant whose application is rejected and whose appeal is denied by PSEA may appeal to the NEA, but on the sole ground that PSEA failed to process the application in

accordance with the PSEA legal services policy. An appeal to the NEA must be received by the NEA within ninety (90) days of the date of PSEA's final decision.

### Miscellaneous Legal Services Policies

1. PSEA shall not discriminate against applicants for PSEA legal services on the basis of race, color, national origin, creed, general, sexual orientation, age, handicap, marital status, or economic status.

2. The criterion used by the PSEA general counsel in deciding whether or not to fund a case shall be legal merit only, which means that the decision shall be based on the probability of success. Where an application is rejected on that basis and the member or association has the right of appeal to the Governance Appeals Committee, the committee may consider other factors such as the integrity of the Association and the particular equities of the case.

3. Where a member applies in writing for and is denied legal services, such denial shall be in writing and shall include a statement regarding the member's appeal rights.

### Policy for Handling Civil Rights and Discrimination Cases

The following procedure shall be followed when a member requests legal representation for a civil claim under federal civil rights law or under federal or state discrimination law:

1. The assigned region attorney (whether retained or staff) shall forward the Application for Legal Assistance with his/her recommendation whether PSEA should fund the case, a detailed review of the facts and the applicable law supporting the recommendation, and an assessment regarding the likelihood of success on the merits. The attorney shall indicate whether he/she needs assistance in litigating the case, and specify what participation he/she will actually have in the prosecution of the matter if the case is approved for funding

2. The PSEA general counsel will review the Application for Legal Assistance and consult as necessary with NEA regarding the suitability and advisability of funding. The PSEA General Counsel shall then decide whether to approve or deny the application.

3. If the case is approved for funding, the member will be requested to agree to a Counsel Fees and Cost Reimbursement Agreement, requiring that:

    a. All counsel fees and costs awarded by the court shall be assigned either to the retained attorney (if a retained attorney is in charge of the case) or to the Restricted Litigation Fund established by PSEA (if a staff attorney is in charge of the case);

    b.    If the matter is settled or resolved in a manner that provides a recovery to the member but without an allocation or award of counsel fees and costs, the member shall pay one-third of any such recovery to the retained attorney (if a retained attorney is in charge) or to the Restricted Litigation Fund (if a staff attorney is in charge);

    c.    If the work is handled by both a retained attorney and staff attorney, counsel fees shall be allocated in accordance with the time billed as ordered by the court, or on a proportionate basis if no such order is made and if attorney fees are due under the Agreement.

4. In the case of a retained attorney, he/she shall advise PSEA whether he/she is willing to accept the case on a contingent fee basis or not. PSEA will consider where appropriate, paying an hourly rate to a retained attorney for handling an approved matter with the understanding that all counsel fees recovered will be immediately paid into the Restricted Litigation Fund.

5. All funds paid into the Restricted Litigation Fund shall be used in accordance with PSEA Fiscal Policy establishing the fund.

6. If PSEA approves the case and the member agrees to the Counsel Fees and Cost Reimbursement Agreement, PSEA/NEA will provide resources in the nature of advances for costs, expert witnesses and other expenses that may be incurred. If the litigation is unsuccessful, PSEA/NEA will bear the loss for all resources and monies advanced or extended.

7. If PSEA does not approve a case or if a member declines to agree to the Counsel Fees and Cost Reimbursement Agreement, the member is free to negotiate with another attorney for representation at the member's own cost. It is assumed that members will prefer to have PSEA/NEA provide representation because of the additional resources and expertise of the two organizations. However, it should be understood that a member is always free to seek representation outside of the Legal Services Program at his/her own cost.

8. Appeals of unsuccessful litigation shall be within the discretion of the PSEA general counsel who may determine not to approve the litigation at the next level. The member will be so informed and may seek representation outside of the Legal Services Program at his/her own cost.

Dear Mr. Boxxwell,   1/12/04

Hello! This is my third year as a substitute teacher. I found out recently that substitute teachers may join the teacher's union and I would like to take the opportunity. Enclosed is a check for $40.00 (check # 669). If you have any questions, please call me at (814) 425-7651.

Sincerely,
Mrs. Rowena Wigner

pd
# 6750 Kathleen Murcatovich
2/25/14