**EXHIBIT 10**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROWENA WAGNER | ) | |
| | ) | |
| Plaintiff | ) | 04-264 E |
| | ) | No. ~~CHOH~~-264 Erie |
| vs. | ) | |
| | ) | Jury Demanded |
| | ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| | ) | |
| Defendants, | ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT | ) | |
| Defendant, | ) | |
| CHARLES E HELLER, III, ASSISTANT | ) | |
| SUPERINTENDENT | ) | |
| Defendant, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| THE CRAWFORD CENTRAL EDUCATION | ) | |
| ASSOCIATION | ) | |
| Defendant | ) | |

## FIRST AMENDED COMPLAINT

(I)  <u>Preliminary Statement</u>

   (1) Rowena Wagner brings this action as a consequence of being wrongfully denied employment opportunities in a long-term substitute and permanent teaching position in the Crawford Central School District due to her race (Asian), and national origin (Filipino). Plaintiff, a resident of Cochranton, Pennsylvania, initiates this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A., section 2000e, at seq., and section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C.A. section 1981, and 42 U.S.C.A. section 1983.

   Plaintiff seeks relief, also under relevant state law including the Pennsylvania Human Relations Act, 43 P.S. section 951 et seq.

(II) <u>Jurisdiction</u>

    (2) The Court is vested with jurisdiction over the matters contained in the Amended Complaint by virtue of 28 U.S.C.A. sections 1331, 1337, and 1343 (4) in that this action arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. section 2000e et seq. and section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C.A. sections 1981 and 1983. This Court also has supplemental jurisdiction over all related claims by virtue of 28 U.S.C.A. section 1367.

(III) <u>Parties</u>

    (3) The Plaintiff Rowena Wagner, graduated from Edinboro University of Pennsylvania in May 2000. She has a Bachelor of Science in Education degree, major in Elementary Education. Mrs. Wagner is certified to teach in the Elementary school system. This is her fourth year as a substitute teacher in the Crawford Central School District.

    After she was summarily dismissed or terminated from a teaching position on December 20, 2002, that she commenced on November 15, 2002, and was expected to hold until January 17, 2003, Plaintiff filed with the Pennsylvania Human Relations Commission (dual filing with the United States Equal Opportunity Commission), a Complaint against Crawford Central School District. On June 22, 2004, Plaintiff received a Right to Sue Letter from the Pennsylvania Human Relations Commission that stated that the Commission had not completed processing the Complaint. The Right To Sue Letter is enclosed, identified as Exhibit "A", and incorporated herein by reference.

    (4) The Defendants, Crawford Central School District, and the Crawford Central School Board, consist of a Board of nine members, elected at large, who governs the District, and implements Board policy and state regulations through its principal administrators, the Superintendent of Schools and the Assistant Superintendent of Schools and other professional and supervisory staff. The Board is the supervisor of the Crawford Central School District. The Defendants' principal address is at 11280 Mercer Pike, Meadville Pennsylvania 16335-9504.

    (5) In implementing board policy and state regulations, the Superintendent of Schools functions as the Chief Administrative Officer and is hired by the board.

    (6) The Defendant, Crawford Central Education Association, of which the Plaintiff is a member, having certain limited rights as a substitute teacher, is a local unit of the Pennsylvania State Education Association, having its address at 930 North Street, Meadville, PA 16335.

    (7) The Crawford Central School Board approved the collective bargaining agreement with the Crawford Central Education Association.

(IV) <u>Statement of Facts</u>

(8) The Plaintiff applied for a substitute teaching position with the Defendant, Crawford School District, in August 2001.

(9) During the school year of 2001-2002, she worked as a substitute teacher in various elementary schools in the Crawford County School District.

(10) Since 2003, the Plaintiff has been a member of the local union, the Crawford Central Education Association, which is named as a Defendant herein.

(11) In November 2002, Plaintiff was hired to replace a full time teacher who took sick leave due to surgery for the remainder of the semester that was to conclude on January 17, 2003.

(12) On December 20, 2002, the Defendants, Crawford Central School District and the Board summarily dismissed the Plaintiff, and replaced her with another teacher who is Caucasian.

(13) By practice, the Defendants, Crawford Central School District and the Board customarily filled vacancies of the teaching staff caused by medical, sabbatical, and other unexpected leaves on the recommendation of the full time teacher who was replaced. On December 20, 2002, the Defendant did not follow its established employment practice when it dismissed Plaintiff.

(14) Plaintiff applied for a vacant full time third grade teaching position at Neeson Hill Elementary School that was posted, became available on November 12, 2002, and for which applications were being accepted. On December 11, 2002, the Defendant notified Plaintiff that the position, inexplicably, no longer existed.

(15) During 2002, 2003, and 2004, Plaintiff unsuccessfully applied for more than seventy-five (75) long-term substitute and full time permanent teaching positions in Crawford County School District. Plaintiff was fully qualified for such open positions by all standards established by the Defendants.

(16) The postings for at least seven (7) of the teaching positions for which Plaintiff applied, did not receive a bid from a member of the Crawford Central Education Association, the local union.

(17) The Pennsylvania State Education Association, of which the Crawford Central Education Association is a local unit, expressly declared in its official documentation, 2004 Enrollment Form 2005, its commitment to equitable representation of minority employment. That form provides for an applicant to state his/her race.

(18) On April 11, 2003, the Defendant, Michael E. Dolecki, Superintendent, notified its insurer of the Plaintiff's discrimination claim filed with the PHRC on February 20, 2003. The Defendants, Crawford Central School District and the Board knew or should have known of Plaintiff's Complaint filed with the PHRC on February 20, 2003.

(19) It is reported that as of May 2004 that the Crawford Central School District services more than 4300 students, at least 300 of whom are minorities, but there are few, if any, teachers, counselors or administrators of color. During the past ten (10) years, the District has employed approximately two (2) minority teachers, and not more than five during the past

twenty-five (25) years.

(20) By established procedures, applicants for teaching positions are recommended by the administrators to the Board to be hired for a long term or permanent teaching position.

(21) The Defendants, the Central Crawford School District and the Board, employed or hired long term and permanent teaching staff by officially endorsing the candidate recommended by the Administrators.

(22) Since 2001, the Plaintiff's race, national origin, and ethnicity have been made known to the Defendants through written communications.

(23) In October 1983, the Defendants, Crawford Central School District and its Superintendent were successfully sued for sexual and racial discrimination in the employment of its administrative and managerial staff.

(24) From 1995 to 1999, a member of the Defendant Board brought to the attention of members of the Defendant Board, on at least thirty (30) occasions the persistent discrimination problems in failing or refusing to hire minority teaching staff.

(V)   Causes of Action

Paragraphs 1 through 24 are incorporated in each of the following causes of action as though fully set forth.

### FIRST CLAIM FOR REFIEF

(25) In denying Plaintiff employment opportunities as a long-term substitute or permanent full-time teacher, because of her race and national origin, the Defendants, Crawford Central School District and the Board unlawfully discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended.

(26) The Defendants, Crawford Central School District and the Board, unlawfully discriminated against the Plaintiff in that she was treated less favorably or more harshly than her professional teaching cohorts, specifically because:

    (a)   Plaintiff was subjected to interviews for teaching positions for which she applied, whereas other substitute teachers got long-term substitute contracts without an interview.

    (b)   Applicants for long-term substitute positions, who were inexperienced, and less qualified than Plaintiff, successfully got teaching positions.

    (c)   Applicants for full time teaching positions, who were inexperienced and less qualified than Plaintiff, successfully got teaching positions.

(d) The Defendants, Crawford Central School District and the Board failed to equitably and fairly consider Plaintiff's application even in instances where no members of the local union bid on the vacant positions.

(e) The Defendants, Crawford Central School District and the Board unfairly conducted job postings, so as to disadvantage Plaintiff in her job search and application process.

(f) The Defendants, Crawford Central School District and the Board dealt with the Plaintiff in a manner that foreclosed her from becoming a full fledge member of the local union.

(g) Plaintiff was wrongfully deprived of professional, economic, and other benefits that would have otherwise accrued to her as a member of the union, and as a long-term substitute or full-time, permanent teacher as a result of Defendants' unlawful employment practices.

(h) Defendants, Crawford Central School District and the Board unlawfully retaliated against Plaintiff by denying her long-term, or full-time teaching opportunities because she filed a Complaint with the Pennsylvania Human Relations Commission on February 20, 2003.

(i) The Defendants, Crawford Central School District and the Board discriminated against the Plaintiff when it summarily dismissed Plaintiff on December 20, 2002, and deviated from its customary employment practice in hiring substitute teachers as replacement for full-time teachers who unexpectedly took medical or sabbatical leave. Additionally, the Defendants departed from its established employment policy on January 7, 2004 when it refused to allow the Plaintiff to substitute for a full-time teacher for three (3) weeks.

(j) In 2004, the Defendants hired nine (9) new teachers including one minority, some of whom were less qualified than Plaintiff, but unjustifiably rejected the Plaintiff's application.

(k) As recent as September 2004, after Plaintiff's lawsuit had been filed, the Defendants' filled a teaching position for which Plaintiff applied, without posting it, and unlawfully rejected Plaintiff's application.

(l) In violation of state regulations and policies, the Defendants hired teaching staff pursuant to an emergency permit when Plaintiff was available as a fully qualified and properly certificated applicant.

Paragraphs 1 through 26 are incorporated in each of the following causes of action as though fully set forth.

## SECOND CLAIM FOR RELIEF

(27) The Defendants violated Plaintiff's legal, and Constitutional rights to contract, including

employment contracts, free of discrimination and to make and enforce contracts and to enjoy the benefits, privileges, terms and conditions of contracts on the basis of equality per section 1981 of the Civil Rights Act of 1866.

(28) On December 20, 2002, Plaintiff's professional and contractual relationship was unfairly, unlawfully, and arbitrarily terminated by Defendants, Crawford Central School District and the Board for pretextural and non-meritorious reasons.

(29) Over the span of three (3) years, the Plaintiff's persistent efforts to obtain a long-term or permanent teaching position with Defendants, Crawford Central School District and the Board commensurate with her abilities, and record of being a highly qualified teacher, were callously disregarded and rebuffed.

(30) Plaintiff was unlawfully denied opportunity to become a full fledge member of the local union, and deprived of the economic benefits that she would have otherwise realized.

(31) As a party to the collective bargaining agreement, the Crawford Central Education Association, the local union, has failed to keep its commitment to assure equitable representation of minority employment in the Crawford Central School District.

Paragraphs 1 through 31 are hereby incorporated by reference as though fully set forth herein.

## THIRD CLAIM FOR RELIEF

(32) The Defendant, Crawford Central School District and the Board are organized and operated under the laws of the Commonwealth of Pennsylvania. It is believed that the Defendants are funded by state and federal public monies.

(33) The unlawful and discriminatory employment practices in which the Defendants have engaged and the abusive acts of authority that the Defendants have perpetrated on the Plaintiff were committed under the authority of state law.

(34) Through their agents, the Defendants violated Plaintiff's constitutional rights under Title 42, sections 1981, 1983 and the Fourteenth Amendment.

(35) The Defendants approved of, acquiesced in a longstanding custom, policy or tradition of denying Plaintiff and minorities equal employment opportunities and engaged in unlawful employment practices that exclude minority group members.

(36) Because the constitutional wrongs and deprivations inflicted on the Plaintiff are continuing in nature, the Plaintiff seeks injunctive relief since there is no adequate remedy at law to appropriately address her pain and suffering, irreparable loss, damages and injuries.

## FOURTH CLAIM FOR RELIEF

(37) The Defendants, Crawford Central School District and the Board unlawfully discriminated against Plaintiff regarding the terms, and conditions of her employment because of her race and national origin, and, therefore, violated the Pennsylvania Human Relations Act.

## FIFTH CLAIM FOR RELIEF

(38) The employment discrimination practiced on the Plaintiff by the Defendants, Crawford Central School District and the Board damaged the Plaintiff economically, professionally, and inflicted severe emotional, psychological distress, as well as, humiliation, degradation and other pain and suffering recoverable as a tortious claim under relevant state law.

(VI) Relief Sought

(1) Declare that the employment practices stated in the Complaint are unlawful and unconstitutional, and that they violate the Civil Rights Act of 1964, as amended, sections 1981 and 1983 of the Civil Rights Act of 1866, and the Pennsylvania Human Relations Act, 43 P.S. section 951, et seq.

(2) Order the Defendants to assign the Plaintiff to a long-term or full-time teaching position within the District suitable with her professional background.

(3) Order the Defendants to make Plaintiff whole by providing appropriate back pay together with payment for loss of pension, retirement and other benefits.

(4) Order the Defendants, Crawford Central School District and the Board to make Plaintiff whole by providing appropriate compensatory, and punitive damages in an amount in excess of $150,000;

(5) Grant Plaintiff reasonable costs, and attorney fees;

(6) Order the Defendants, Crawford Central School District and the Board to implement an affirmative action plan to diversity its teaching staff, and,

(7) Grant other relief as this Court deems just, appropriate, and proper.

Respectfully,

*Caleb L. Nichols*
Caleb L. Nichols
Pa. Atty. No. (18773)
P.O. Box 1585
Erie, PA 16507
(814) 838-1877

Date: October 8, 2004