IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROWENA WAGNER, | ) |
| | ) |
|       Plaintiff, | ) |
| | )   No. 04-264E |
|       vs. | ) |
| | ) |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) |
| CRAWFORD CENTRAL SCHOOL BOARD, | ) |
| | ) |
|       Defendants, | ) |
| | ) |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) |
| | )   Judge Sean J. McLaughlin |
|       Defendant, | ) |
| | ) |
| CHARLES E. HELLER III, ASSISTANT | ) |
| SUPERINTENDENT, | ) |
| | ) |
|       Defendant, | ) |
| | ) |
| CRAWFORD CENTRAL EDUCATION | )   Electronically Filed |
| ASSOCIATION, | ) |
| | ) |
|       Defendant. | ) |

APPLICATION OF DEFENDANT CRAWFORD CENTRAL
EDUCATION ASSOCIATION FOR ALLOWANCE OF
ATTORNEY FEES AND EXPENSES AND
SUPPORTING MEMORANDUM OF LAW

To the Honorable Judge McLaughlin of the United States District Court
for the Western District of Pennsylvania:

    Defendant Crawford Central Education Association files this Application for Allowance

of Attorney Fees and Expenses and Supporting Memorandum of Law, and in support of the

Application states:

1

**INTRODUCTION**

On or about September 17, 2003, this action was commenced against Defendant Crawford Central Education Association as a result of a Complaint filed by Rowena Wagner. The Complaint alleged that the Defendant Association violated the Plaintiff's civil rights pursuant to Sections 1981 and 1983 by allegedly improperly impairing her right to contract when the Association failed to provide the Plaintiff with legal services to file a grievance challenging her allegedly premature removal from a temporary day-to-day substitute position, and to protest her subsequent failure to be selected to fill vacant positions with the District.

On November 23, 2005, Plaintiff Wagner filed a Motion for Leave to File a Second Amended Complaint in which she sought to augment existing allegations against the Crawford Central Education Association and to add additional counts citing new Defendants, the Pennsylvania State Education Association and the National Education Association. In response, as directed by the Court, Defendant filed Objections to the Amended Complaint on the grounds of futility. After a hearing on January 8, 2006, this Honorable Court sustained the Defendant's Objections and denied Plaintiff's Motion for Leave to Amend, thus dismissing the Defendant Association from the case and refusing to add the proposed additional Defendants. Consequently, the Defendant Association is a prevailing party insofar as all counts against it were dismissed by the Court.

At all times since the inception of the above-captioned case, Defendant Crawford Central Education Association was represented by attorneys from the Legal Division of the Pennsylvania State Education Association (PSEA). PSEA attorneys have been required to attend depositions, draft pleadings, responses to discovery, memorandums of law, and all other documents and

orders necessary from the involvement of Defendant Crawford Central Education Association in this case.

**DETAILED SUMMARY OF SERVICES**

Defendant Crawford Central Education Association seeks compensation for services performed by the PSEA Legal Division and reimbursement of expenses incurred during the period commencing from September 17, 2003 and extending through the conclusion of this matter. In this respect, the attorneys for the Applicant have spent in excess of four-hundred hours in rendition of professional services on behalf of Defendant Crawford Central Education in this case. The total sought for legal services provided by the PSEA Legal Division to the Crawford Central Education Association aggregates to a claim of at least $34,647.15.

The services rendered to the Crawford Central Education Association by the PSEA Legal Division in this case are more specifically described and enumerated on Exhibit "A," which Exhibit records daily time entries of the Attorneys of the PSEA Legal Division who were involved in the case. Exhibit A sets forth in detail the nature of the services rendered, the date on which those services were performed, the Attorneys and/or Paraprofessionals who performed those services, and the time spent in performing those services.

Crawford Central Education Association would respectfully show the Court that at the time the case was filed, PSEA Legal Division Staff Attorneys customarily charged the following rates: Mark Widoff, $183.64; Robert J. Abraham, $144.58/hr.; Richard S. McEwen, $101.39/hr.; John Paul Jones, $133.90/hr.; and Owen Kenney, $49.44/hr. Effective July 1, 2005, these rates were raised to: Robert J. Abraham, $148.92 and Richard S. McEwen $104.43. Additionally, newly hired Associate Staff Counsel Shannon Wagner charged a rate of $48.61/hr. Applicant

believes that skill and perseverance have been required in order to obtain a meritorious resolution of this matter and such relief was so obtained.

**DISCUSSION**

Both Rule 54(d) of the Federal Rules of Civil Procedure as well as the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizes the awarding of attorney fees and/or costs other than attorney fees to the prevailing party in a Civil Rights matter. Under the applicable case law, reasonable attorney fees under § 1988 may only be granted to a prevailing defendant if the plaintiff's underlying claim was frivolous, unreasonable or groundless, or if the plaintiff continued to litigate the claims after they clearly became so. Commonwealth v. Flaherty, 40 F.3d 57, CA 3 (1994). It is not necessary that the complaint have been brought in bad faith for attorney fees to be awarded. Id. Where the record is devoid of any evidence that directly supports a plaintiff's claim, or if there is no legal basis for the claim, an award of fees to a prevailing defendant is within the discretion of the trial court. Morse v. North Coast Opportunities, Inc., 118 F.3d 1338 (9th Cir. 1997); McGregor v. Board of County Commissioners for Palm Beach County, FL, 130 F.R.D. 464 (U.S. Dist. Ct. S.D. Fla., 1990); Klock v. Town of Cascade, 284 Mont 167, 943 P.2d 1262 (1997).

Because the Plaintiff refused to accept that her status as a day-to-day substitute teacher excluded her from membership in the bargaining unit and precluded her acquisition of full union membership rights, her claims were frivolous, unreasonable and groundless. Moreover, the Plaintiff continued to litigate these claims, even after learning from various depositions that the Association played absolutely no role in the hiring decisions of the District and did not and could not influence the District's decision not to hire the Plaintiff for a full-time position. Moreover, as an established matter of law, the fact that Plaintiff was a day-to-day substitute teacher

4

disqualified her from membership in the bargaining unit and any claim of right under the CBA pursuant to Pennsylvania Public Labor Law.

Most significantly, as discussed at length in Defendant Crawford Central Education Association's Brief in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint, no cause of action for breach of contract exists under Pennsylvania law between a bargaining unit member and a labor union.  Martino v. Transp. Workers Union, Local 234, 505 Pa. 391, 480 A.2d 242, 252 (1984); Waklet-Riker v. Sayre Area Educ. Ass'n, 440 Pa.Super. 494, 656 A.2d 138, 141 (1995); Speer v. Philadelphia Housing Auth., 111 Pa.Cmwlth. 91, 533 A.2d 504, 506 (1987).  Consequently, the Plaintiff's contractual claims pursuant to Section 1981 are utterly without support or foundation, and are clearly unreasonable and frivolous.

An award of attorney's fees to a prevailing defendant was upheld in McGregor v. Board of County Commissioners for Palm Beach County, FL, supra.  In this case, the Plaintiff, who was an internal auditor working for the county until he was fired, filed suit alleging deprivation of rights under Section 1983.  While acknowledging that the standard for awarding attorneys fees to prevailing defendants is more restrictive than that of prevailing plaintiffs, the District Court nevertheless awarded attorneys fees to the defendant "since there was *no* legal basis for this claim."  130 F.R.D. at 467.  The Court based its conclusion on the fact that the Plaintiff should have reasonably realized that he was an "at will" employee who did not have a property interest that would invoke the procedural protections of the 14th Amendment.  Id. at 466.

A similar rationale is present here.  Plaintiff Wagner, as a day-to-day substitute teacher, was also an "at will" employee, who did not possess the same status granted to full-time employees who are full members of both the bargaining unit and the local association.  Basic legal research by counsel should have disclosed this foundational fact.  By choosing to ignore

5

this threshold consideration and pursuing a claim based on a non-existent premise, Plaintiff Wagner should be held liable for attorneys fees in the same manner as plaintiff McGreggor.

Similarly, it is hornbook law that violations of Section 1983 require a defendant acting under cover of state law. The element of "state action" is essential to the Section 1983 cause of action. As a private labor union, the Crawford Central Education Association clearly did not qualify to be a State actor pursuant to Section 1983, making the Plaintiff's claim in this regard utterly baseless and unreasonable.

For example, in Morse v. North Coast Opportunities, supra, a former employee sued a private, non-profit Head Start provider under Section 1983 for violation of her Constitutional rights. Upon appellate review, the 9th Circuit concluded that neither North Coast Opportunities nor an affiliated Parent Policy Council could be considered state actors subject to Section 1983, since the actions of these private agencies could not be fairly attributed to the government. 118 F.3d 1338. Consequently, the Court concluded that the plaintiff's claim was unreasonable and meritless, and granted the defendant's request for attorney's fees as the prevailing defendant in a Section 1983 civil rights suit. 118 F.3d 1338, 1343. Here, as the Court openly acknowledged at oral argument, the lack of substance to Plaintiff Wagner's Section 1983 claim was so transparent that little, if any argument was required.

Accordingly, since both of Plaintiff Wagner's Constitutional claims pursuant to Section 1981 and Section 1983 are completely baseless and unfounded, her claims in this regard are similarly unreasonable, meritless and groundless, thus justifying an award of attorney fees to Defendant Crawford Central Education Association.

Furthermore, the Crawford Central Education Association believes that the established elements governing awards of compensation justify an award of fees and costs in this instance.

6

In <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-719 (5th Cir. 1974), overruled on other grounds, <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989), the Fifth Circuit enumerated several factors to be considered by a Court in determining the compensation to be awarded for provision of legal services.[1] Some of the relevant factors present here include:

 a) Time and labor required: As more specifically described in attached Exhibit A, the applicant has expended in excess of 400 hours of professional services in defending this case.

 b) Novelty and difficulty of the questions: The Complaint brought by the Plaintiff, although baseless at its core, camouflaged its insufficiency by juxtaposing numerous false and incorrect factual statements with tortured, novel and complex questions of law including various Constitutional issues. Such questions necessitated extensive research and analysis by the PSEA Legal Division.

 c) Skill requisite to perform the services properly: Due to the complex and novel nature of the legal and factual issues presented in this case, a high degree of skill was required. Admittedly, the question of the skill necessary to perform the services required is a subjective

---

[1] In order to establish an objective basis for determining the amount of compensation that is reasonable for an attorney's services, and to make meaningful review of that determination possible on appeal, we held in Johnson v. Georgia Highway Express, Inc., 488 F.2d at 717-19, that a district court must consider the following twelve factors in awarding attorneys' fees:
(1) The time and labor required; (2) The novelty and difficulty of the questions; *1299 (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or other circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; (12) Awards in similar cases.
 Although Johnson involved a suit brought under 42 U.S.C.A. s 2000e et seq., the guidelines we established there are equally useful whenever the award of reasonable attorneys' fee is authorized by statute.[FN7] See Miller v. Mackey International, Inc., 515 F.2d 241, 242 (5th Cir. 1975) (federal securities); Ward v. Kelly, 515 F.2d 908, 912 (5th Cir. 1975) (school desegregation); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976) (labor); see also Jacobowitz v. Double Seven Corp., 378 F.2d 405, 408 (9th Cir. 1967) (bankruptcy)
 Matter of First Colonial Corp. of America 544 F.2d 1291 (1977), *1298 -1299 (C.A.La. 1977).

standard. However, one paramount factor for the Court to consider in applying the standard is whether the results achieved by the attorneys have been beneficial. In this respect, the Crawford Central Education Association was able to achieve a dismissal of the charges against it prior to trial, even though the Court had previously denied its initial Motion to Dismiss.

      d) Preclusion of other employment: The PSEA Legal Division Attorneys have not been precluded from obtaining other employment by virtue of its representation of the Crawford Central Education Association in this matter. However, its representation of the Crawford Central Education Association often times diverted the time and attention of PSEA Attorneys from other, more substantial, pressing matters.

      e) Customary fee: The hourly rates charged by the PSEA Legal Division are competitive and customary for the degree of skill and expertise required in the performance of services performed by experienced practitioners and professionals in the Western District of Pennsylvania.

      f) Whether the fee is fixed or contingent: The fees charged in this case were fixed at the PSEA Legal Division's respective Attorney standard hourly rate.

The remaining <u>Johnson</u> factors are either inapplicable here or irrelevant to the application currently before the Court. Nevertheless, consideration of these factors clearly demonstrates that an award of attorney's fees to Defendant Crawford Central Education Association is exceedingly appropriate.

Finally, in addition, Defendant Crawford Central Education Association seeks reimbursement for costs other than attorney's fees. Rule 54(d)(1) of the Federal Rules of Civil Procedure explicitly provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs… ." The Defendant has provided an

itemized account of the costs incurred, attached as Exhibit B.  The Defendant further asks that the Court take note of the fact that the vast majority of the depositions in this case were noticed and initiated by the Plaintiff.  Moreover, particularly during the Defendant's deposition of Plaintiff Wagner, the behavior of Plaintiff's counsel was obstructionist, vexatious and obdurate to the extent that the Defendant's right to hear the Plaintiff describe, in her own words, the factual basis for the suit was thwarted.  In any event, as Rule 54 clearly states, taxation of the cost requested by the Defendant should be allowed as a matter of course.  Accordingly, Defendant Crawford Central Education Association respectfully requests that it be awarded the costs it incurred in the defense of this matter in the amount of $2,860.36.

## **CONCLUSION**

For the foregoing reasons, the Applicant requests that it recover its attorney's fees and expenses incurred in this case, pursuant to 42 U.S.C. §1988, and Rule 54(d)(1) and (2), since it was the prevailing party on the claims raised against it by the Plaintiff.

WHEREFORE, Defendant Crawford Central Education Association respectfully requests that the Court grant its Application and award the compensation requested.

                     Respectfully submitted,

                     _____
                     Richard S. McEwen
                     Staff Attorney
                     PSEA
                     4250 Route 6n
                     Edinboro, PA  16412
                     (814) 734-7660
                     I.D. No. 76659