IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROWENA WAGNER,      )
      Plaintiff   )
                    )
   v.              )   CIVIL ACTION NO. 04-264 ERIE
                    )
CRAWFORD CENTRAL SCHOOL )
DISTRICT, et al.,   )
      Defendants  )

### SETTLEMENT

Proceedings held before the HONORABLE SEAN J. McLAUGHLIN, U.S. District Judge, in Judge's Chambers, U.S. Courthouse, Erie, Pennsylvania, on Thursday, January 12, 2006.

APPEARANCES:

CALEB L. NICHOLS, Esquire, appearing on behalf of the Plaintiff.

MARK J. KUHAR, Esquire, appearing on behalf of Defendants Crawford Central School District, et al.

Ronald J. Bench, RMR - Official Court Reporter

1                    P R O C E E D I N G S

3          (Whereupon, the proceedings began at 4:25 p.m., on
4  Thursday, January 12, 2006, in Judge's Chambers.)

6          THE COURT:  All right, the parties have informed me
7  that they have reached a settlement in this case; subject only
8  to formal approval by the School Board.  But it's my
9  understanding that the Superintendent has been in touch with
10 the School Board president and has every reason to believe
11 these terms and conditions are acceptable.  That having been
12 said, Mr. Kuhar, I'm going to have you run through all the
13 material terms and conditions.  And then I'm going to turn over
14 to Mr. Nichols here and confirm that that is acceptable to his
15 client and his understanding of the agreement.  Go ahead.
16         MR. KUHAR:  Thank you, your Honor.  That Ms. Wagner
17 would satisfy a development plan, which would include her
18 attendance at an APL training program, which is a standard
19 requirement of new teachers and current teachers.  It would
20 involve four days of training, the cost of which would be paid
21 for by the district.
22         She would then immediately thereafter begin
23 approximately two months of teaching employment in our
24 after-school program, for which she would be paid the standard
25 rate, which is approximately $20 per hour.  She would work

1  approximately one-and-a-half hours per day, Monday through
2  Friday, consistent with the other people in the program.
3         Again, after approximately two months of that type
4  of employment, she would then be given the first available
5  long-term substitute position for which she is qualified.
6  Which would be a minimum of 90 days.  So she would be paid as a
7  long-term sub as the first step in this contract.  Thereafter,
8  she would be awarded the first position, regular full-time
9  position for which she is qualified.
10         The district would retain its rights to supervise
11 and direct Ms. Wagner comparable to those that it has regarding
12 any other school employee, consistent with its duties under the
13 school code.
14         Ms. Wagner would execute a global release in favor
15 of the defendants and the district, effective through the date
16 of its execution.  There would be no admission of liability, in
17 fact it would state there is no admission of liability.
18         The district's insurer would pay $10,000 towards
19 attorney's fees on behalf of Ms. Wagner.
20         This would be subject to formal approval by a
21 majority of the School Board directors at its next occurring
22 meeting at which it could do so.
23         THE COURT:  Finally, let me just add that in the
24 event of a claimed breach of the settlement agreement, the
25 plaintiff would, of course, be permitted to return to court

4

1  here and sue on the settlement agreement if that ever became
2  necessary. But I certainly do not anticipate that eventuality.
3  All right, as far as I'm concerned, save the formality of the
4  Board's vote -- which is when again?
5      MR. KUHAR: Monday evening.
6      THE COURT: It certainly looks like this case is
7  settled. Mr. Nichols, having heard all the terms and
8  conditions, on behalf of your client are those acceptable?
9      MR. NICHOLS: Just one question, I was not clear.
10 That is the duration of the development period, what is the
11 duration of that?
12     MR. KUHAR: The development plan involved this APL
13 program, which is four days in duration. And it involved
14 approximately two months of her teaching in this after-school
15 program.
16     THE COURT: Then are all the terms and conditions
17 acceptable?
18     MR. NICHOLS: They are acceptable based upon my
19 discussions with my clients, Mr. and Mrs. Wagner.
20     THE COURT: Then as far as I'm concerned, the case
21 is settled.
22
23     (Whereupon, at 4:30 p.m., the Settlement proceedings
24 were concluded.)
25                              - - -

5

# CERTIFICATE

I, Ronald J. Bench, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____

Ronald J. Bench