

**KNOX McLAUGHLIN GORNALL & SENNETT**

*A Professional Corporation*

120 West Tenth Street
Erie, Pennsylvania 16501-1461
814-459-2800
Fax 814-453-4530
www.kmgslaw.com

Mark J. Kuhar
Direct Dial Number
814-459-9886 Ext. 250
mkuhar@kmgslaw.com

January 31, 2006

RICHARD H. ZAMBOLDI
JACK M. GORNALL
HARRY K. THOMAS
MICHAEL A. FETZNER
JAMES T. MARNEN
MICHAEL J. VISNOSKY
DONALD E. WRIGHT, JR.
RICHARD W. PERHACS
ROBERT G. DWYER
R. PERRIN BAKER
MARK E. MIODUSZEWSKI
CARL N. MOORE
DAVID M. MOSIER
THOMAS A. TUPITZA
GUY C. FUSTINE
RICHARD E. BORDONARO
BRIAN GLOWACKI
JOHN O. DODICK
FRANCIS J. KLEMENSIC
TIMOTHY M. SENNETT
WILLIAM C. WAGNER
PATRICIA K. SMITH
MARK T. WASSELL
RICHARD A. LANZILLO
JOANNA K. BUDDE
PETER A. PENTZ
MARK G. CLAYPOOL
THOMAS C. HOFFMAN II
MARK J. KUHAR
CHRISTOPHER J. SINNOTT
TIMOTHY M. ZIEZIULA
JENNIFER E. GORNALL-ROUCH
MARK A. DENLINGER
JEROME C. WEGLEY
TRACEY D. BOWES
TRACY L. REINHART
NEAL R. DEVLIN
ANDREW F. GORNALL
NADIA A. HAVARD

OF COUNSEL:
 WILLIAM C. SENNETT
 EDWIN L.R. McKEAN

Caleb L. Nichols, Esq.
P.O. Box 1585
Erie, PA 16507

RE:   Wagner v. Crawford Central School District, et al.
      C.A. No. 04-264 Erie

Dear Mr. Nichols:

Enclosed for your review and comment is a draft agreement which sets forth the terms and conditions agreed upon at the January 12th settlement conference. Please contact me at your earliest convenience to discuss this.

Very truly yours,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

Mark J. Kuhar

MJK/hm
Enclosure
# 655045

AGREEMENT AND GENERAL RELEASE ("AGREEMENT")

BETWEEN

CRAWFORD CENTRAL SCHOOL DISTRICT, the BOARD OF SCHOOL DIRECTORS OF CRAWFORD CENTRAL SCHOOL DISTRICT ("CCSD"), MICHAEL E. DOLECKI, SUPERINTENDENT and CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT (collectively "DEFENDANTS")

AND

ROWENA WAGNER ("WAGNER")

The foregoing parties, intending to be legally bound, hereby agree to the following:

WHEREAS, CCSD has employed Wagner sporadically as a day to day substitute since approximately August 2001;

WHEREAS, Wagner has alleged that CCSD's decisions not to employ her on a long-term substitute bases and/or hire her into a regular full-time teaching position and/or employ her more frequently on a substitute basis were unlawfully motivated as set out more fully in her complaint filed in the United States District Court for the Western District of Pennsylvania at Docket No. 04-264E;

WHEREAS, Defendants deny any wrongdoing toward Wagner and maintain that its actions at issue all were consistent with its policy of hiring the most qualified educators and staff, regardless of their characteristics;

WHEREAS, CCSD is willing to enter into this Agreement to continue its efforts to increase minority hiring while maintaining standards of excellence in its educational staff; and

WHEREAS, the parties desire to settle amicably all disputes and disagreements between them without any admission of fault by either of them and without the necessity of further proceedings.

NOW THEREFORE, the parties hereto, for and in consideration of the mutual covenants and promises herein contained, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and pursuant to the Pennsylvania Uniform Written Obligations Act, mutually agree as follows:

1. <u>Incorporation of Preambles</u>. The foregoing preambles are incorporated herein by reference and made part of this Agreement.

Initialed:

_____  _____  _____  _____
Wagner   Board/District   Dolecki   Heller

2. <u>Discontinuance of Actions</u>. Wagner shall voluntarily, immediately, and with prejudice, dismiss pursuant to Fed.R.Civ.P. 41(a)(1), the action against Defendants filed in the United States District Court for the Western District of Pennsylvania at Docket No. 04-264E and any and all other types of claims, complaints or actions of any type filed in any forum against Defendants, if any, including all entities and parties released in paragraph three (3) hereof, in any forum, all of the foregoing with prejudice.

3. <u>Release of Claims</u>. Wagner for herself and her heirs, executors, administrators, representatives, agents, attorneys, successors and assigns, does hereby remise, release, and forever discharge Michael E. Dolecki, Charles E. Heller the Board of School Directors of Crawford Central School District and Crawford Central School District, all of its operations, and otherwise related entities, including all of their officers, directors, shareholders, employees, attorneys, representatives, successors and assigns, former and current ("Releasees"), of and from any manner of action or actions, cause or causes of action, suits, debts, covenants, contracts, agreements, promises, damages, injuries, judgments, expenses, claims and demands whatsoever at law or in equity, or otherwise, including claims for attorneys' fees, except as provided in paragraph 4(a) hereof, and other costs, including, but not limited to, claims of employment discrimination under the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., or any other statute or ordinance of Pennsylvania or another state, the federal government or other municipality, and common law claims for breach of contract, promissory estoppel, the torts of wrongful discharge, defamation, negligent and intentional infliction of emotional distress, and any and all other claims known and unknown, made or that could have been made, by her or on her behalf, and any and all other claims known and unknown, which have been made or could have been made, or which she ever had, now has, or which she and her heirs, executors, administrators, representatives, agents, attorneys, successors and/or assigns, can, shall or may have, upon or by any reason of any matter, cause or thing whatsoever against the Releasees based upon any event which occurred before this Agreement is signed.

4. <u>Defendants' Consideration to Wagner</u>.

(a) CCSD or its insurer will make a payment to Caleb L. Nichols, Esq. in the amount of ten thousand dollars ($10,000.00), payable to "Rowena Wagner and Caleb L. Nichols, Esq., her attorney."

(b) Upon Wagner's successful completion of the following development plan, she will be given the first available long-term substitute teaching position (90+ days in duration) for which she is qualified and for which she will be paid in accordance with the collective bargaining agreement. Wagner's development plan shall include the following:

2        Initialed:

| Wagner | Board/District | Dolecki | Heller |

  (i) Wagner's attendance at a five-day APL training session, which is a staff development program that trains teachers regarding classroom management. CCSD will pay for the course, but Wagner will not be paid for her time;

  (ii) Wagner's meeting with District Administrators and other personnel to become more familiar with CCSD's instructional approaches, curriculum and Pennsylvania's PSSA standards; and

  (iii) Wagner's employment in CCSD's STARS after-school program for approximately two months, for 1½ hours per day, four days per week. Wagner will be paid twenty dollars ($20.00) per hour, the standard rate for that activity.

 (c) Upon the successful completion of Wagner's long-term substitute assignment as provided for in section (b) hereof, she will be assigned to the next available regular full-time teaching position for which she is qualified.

 (d) CCSD specifically reserves all rights to supervise and direct Wagner in all of the above assignments. If her performance or behavior does not meet CCSD's expectations of similarly situated employees, she will be subject to discipline which may include termination.

 5. <u>Wagner's Representations to Defendants</u>. Wagner hereby makes the following representations, each of which is an important consideration to Defendants' willingness to enter into this Agreement with her:

  A. Wagner is aware that federal, state and local laws prohibit discrimination against employees because of their race, color, religion, sex, age, national origin, disability and other protected characteristics, and for a variety of protected activities, and that an employee who believes that she has been denied employment opportunities, harassed, terminated or otherwise discriminated against for any such reason(s) has a right to file a lawsuit or initiate other proceedings against employer(s) and to recover damages if she proves that any of them violated any one or more of those laws based upon any event which occurred before this Agreement is signed.

  B. Wagner is aware that by signing this Agreement, which includes a general release, she is giving up any right to sue the Releasees, not only on the basis of the discrimination laws mentioned above, but for any other claims she has or may have based upon any event which occurred before this Agreement is signed, except claims for vested retirement benefits.

       3    Initialed:

_____ _____ _____ _____
Wagner Board/District Dolecki Heller

C.  Because the execution of this Agreement will affect Wagner's legal rights, Defendants have encouraged Wagner to consult with an attorney of her choosing before signing this Agreement. Wagner represents that she has done so or has voluntarily declined to do so, and that her release of claims against the Releasees is knowing and voluntary.

D.  Wagner has read and understands each and every provision in this Agreement.

6. **Non-Admission of Liability.** The parties agree and acknowledge that the District is in no way acknowledging any liability to Wagner by the settlement provided for herein.

7. **Execution of Necessary Documents.** The parties agree to execute any and all documents that may be necessary to carry out the terms of this Agreement.

8. **Waiver.** The waiver by either party of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach thereof, or as a waiver as to any other provision not expressly waived. No waiver shall be effective unless in writing and signed by the party against whom said waiver is to be enforced.

9. **Governing Law and Venue.** This Agreement shall be construed, interpreted and enforced according to the laws of the Commonwealth of Pennsylvania. Disputes involving the interpretation and/or enforcement of this Agreement shall be brought in Crawford or Erie Counties, Pennsylvania.

10. **Costs, Expenses and Fees.** Each of the parties hereto shall bear their own costs, expenses and legal fees related to the matters settled herein, and any and all claims, known and unknown, which they shall or may have, upon or by reason of any matter, cause or things whatsoever against the other, including, but not limited to, those related to the negotiating, drafting and execution of this Agreement, through the date of this Agreement, except as specifically set forth in paragraph 4(a) hereof.

11. **Complete Agreement.** This Agreement is the complete agreement and understanding between the parties and there are no written or oral understandings, promises or agreements, directly or indirectly related to this Agreement, that are not incorporated herein.

12. **Headings.** The headings and section titles of this Agreement are inserted for convenience only and shall not be deemed to constitute a part of this Agreement.

4                    Initialed:

_____   _____   _____   _____
Wagner       Board/District   Dolecki      Heller

13. <u>Neutral Construction</u>. The parties hereto have negotiated this Agreement at arms length with the assistance of counsel and no provisions shall be construed against any one party because of the nature of its performance hereunder, its draftsmanship of a particular provision, or any presumption as to any quality of bargaining power or otherwise. The parties have attempted to write this Agreement without any ambiguity in terms and desire that any subsequent interpretation or construction be resolved in a manner to eliminate any apparent ambiguity.

14. <u>Responsibility for Tax Treatment of the Consideration Provided Herein</u>. The parties have not agreed to the manner in which the consideration from Defendants to Wagner provided for herein will be treated by Wagner for income tax or other tax purposes. The validity of this Agreement is not contingent upon any particular tax treatment being assigned to the payment by Defendants provided for herein by any taxing body. Defendants have not represented to Wagner that any particular tax-related treatment of said payment is proper.

IN WITNESS WHEREOF, the parties have executed this Agreement on the _____ day of _____, 2006.

WITNESS/ATTEST:

_____     _____
                                     Rowena Wagner

WITNESS/ATTEST:

_____     _____
                                                         on behalf of
                                     Crawford Central School District and
                                     the Board of School Directors of Crawford
                                     Central School District

WITNESS/ATTEST:

_____     _____
                                     Michael E. Dolecki, Superintendent

WITNESS/ATTEST:

_____     _____
                                     Charles E. Heller, Assistant Superintendent

# 653180

STATE OF _____    )
                              )    SS:
COUNTY OF _____   )

On the \_\_\_\_\_ day of _____, 2006, before me, personally appeared Rowena Wagner, to me known to be the person named herein, who executed the foregoing Agreement and General Release and acknowledged to me that she has read the foregoing Agreement and General Release and understands the contents thereof and that she voluntarily executed the same.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA    )
                                )  SS:
COUNTY OF _____       )

On the _____ day of _____, 2006, before me, personally appeared _____, who acknowledges himself/herself to be _____, to me known to be the person named herein, who executed the foregoing Agreement and General Release and acknowledged to me that he/she has read the foregoing Agreement and General Release and understands the contents thereof and that he/she voluntarily executed the same.

_____
Notary Public

STATE OF _____     )
                                 )  SS:
COUNTY OF _____   )

On the \_\_\_\_\_ day of _____, 2006, before me, personally appeared Michael E. Dolecki, who acknowledges himself to be Superintendent of Crawford Central School District, to me known to be the person named herein, who executed the foregoing Agreement and General Release and acknowledged to me that he has read the foregoing Agreement and General Release and understands the contents thereof and that he voluntarily executed the same.

_____
Notary Public

STATE OF _____    )
                              )  SS:
COUNTY OF _____   )

On the \_\_\_\_\_ day of _____, 2006, before me, personally appeared Charles E. Heller, III, who acknowledges himself to be Assistant Superintendent of Crawford Central School District, to me known to be the person named herein, who executed the foregoing Agreement and General Release and acknowledged to me that he has read the foregoing Agreement and General Release and understands the contents thereof and that he voluntarily executed the same.

_____
Notary Public