P.O. Box 1585
Erie, PA 16507

January 23, 2006


Mark J. Kuhar, Esq.
Knox, McLaughlin, Gornall & Sennett
120 West Tenth Street
Erie, PA 16501-1461

Dear Mr. Kuhar:

I am forwarding to you a copy of a Consent Decree which embodies, in principle, the terms and conditions of the mutual understanding that the parties reached at the Settlement Conference on January 12, 2002.

The Plaintiff wishes to sign and consummate the Consent Decree as constituted. To accomplish this end, Plaintiff does insist that the Agreement make provision for immediate employment as stated in Paragraph 8 of Section 4, that she is placed in a regular full time teaching position no later than September 2006, and that the Consent Decree is executed by Judge McLaughlin.

Because the Kindergarten Teaching Position at West End Elementary School is now filled by Ms. Naomi Uy-Moore, who was hired and is currently teaching without a Pennsylvania Certification, there is no justification that Ms. Moore should be continued in this position beyond August 2006. Thus, the position for which Mrs. Wagner applied and was rejected should be available as of September 2006. (See: Exhibits 1, 2, 3).

Because of the lack of specificity and definiteness regarding when Plaintiff will commence employment, Plaintiff insists that the Agreement contain a provision as stated in Paragraphs 7 and 8 of Section 4 of the Consent Decree reflecting a commitment on the part of the School District to employ the Plaintiff. As presently constituted, the lack of specificity renders the understanding largely illusory and possibly unenforceable.

I should add that the Plaintiff wishes to recoup costs and out-of-pocket expenses associated with this lawsuit. Please review this submission and let us know when you wish to meet for additional discussion and possible negotiations.

Sincerely,

*Caleb Nichols*
Caleb Nichols

Enc.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROWENA WAGNER ) | |
| ) | |
| Plaintiff ) | |
| vs. ) | |
| ) | |
| CRAWFORD CENTRAL SCHOOL DISTRICT ) | |
| CRAWFORD CENTRAL SCHOOL BOARD ) | No. 04-264Erie |
| ) | |
| Defendants, ) | |
| ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| CHARLES E. HELLER, III, ) | |
| ASSISTANT SUPERINTENDENT ) | |
| ) | |
| Defendant, ) | |

### Consent Decree

The Plaintiff, Rowena Wagner, filed with this Court a Complaint on September 15, 2004, an Amended Complaint on October 8, 2004, and a proposed Second Amended Complaint in November 2005. In the proposed Second Amended Complaint, which the named Defendants chose not to respond to or challenge, Plaintiff alleged that Crawford Central School District, Crawford Central School Board, Michael Dolecki, Superintendent, and Charles E. Heller, Assistant Superintendent violated Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991 by discriminating against Plaintiff on the basis of race and national origin. Additional allegations were lodged against the Defendants on the basis of violations of sections 1981 and 1983 of the Civil Rights Acts of 1866, as amended, and the Pennsylvania Human Relations Act.

The named Defendants deny any wrongdoing or liability to the Plaintiff.

The parties agree to fully resolve this matter without further litigation. On the condition the Defendants fully perform and fulfill the terms of the Consent Decree, Plaintiff agrees to discontinue this proceeding and release the Defendants and the District of the claims set forth in the referenced complaints.

In consideration of the mutual promises of each party to this Consent Decree, the sufficiency of which is hereby acknowledged, it is agreed and ORDERED:

Section 1: Jurisdiction

(1) The parties agree that this Court has jurisdiction over the subject matter of this action and over the parties, that venue is proper, and that all administrative prerequisites have been met.

(2) No party shall contest the jurisdiction of this Court to enforce this Consent Decree.

Section 2: Scope of the Consent Decree

(3) The Consent Decree seeks to resolves the issues and claims raised in the Complaint, the Amended Complaint, and the proposed Second Amended Complaint. The Consent Decree shall remain in effect for the duration of the Plaintiff's employment with Crawford Central School District, unless revised or changed through the mutual agreement of the parties and approval of the Court.

Section 3: Injunctions

(4) The named Defendants and their agents are enjoined during the term of this Consent Decree from violating Title VII and sections 1981 and 1983 of the Civil Rights Act of 1866 by discriminating against Plaintiff in terms of evaluation, promotion and compensation on the basis of her race and/or national origin.

(5) The named defendants and their agents are enjoined from violating Title VII and sections 1981 and 1983 by retaliating against Plaintiff for asserting any rights under Title VII or participating in this case as Claimant, witness or in any other way.

(6) The named Defendants and their agents are enjoined from engaging in discriminatory actions and practices respecting Plaintiff's efforts to obtain, employment and benefit as a long term substitute and full-time teacher.

Section 4:  Terms and Conditions of Employment

(7) Plaintiff agrees to undergo the APL Training Program, a type of developmental training which is a standard requirement of new teachers. It involves five days of training, the cost of which would be paid for by the School District.

(8) Immediately upon execution of this Consent Decree, Plaintiff will begin a schedule of gainful employment with the School District consisting of 40 hours per week as a substitute teacher or as professional staff support personnel, or a combination thereof, until she is placed in a regular full time teaching position, no later than the commencement of the 2006/2007 school year, in September 2006.

(9) When scheduled, Plaintiff agrees to participate in two months of teaching employment in the School District's After-School Program, for which she would be paid the standard rate, which is approximately $20 per hour.

(10) The School District retains its right to supervise and direct Mrs. Wagner consistent with its duties under the School Code.

Section 5:  Attorney fees

(11) The School District's insurer agrees to pay $10,000.00 towards attorney's fees and costs on behalf of Mrs. Wagner.

Section 6:  Access To Court For Relief

(12) In the event of a claimed breach of the Consent Decree, the complaining party may return to the Court for appropriate relief and sue on the Consent Decree (and the

Second Amended Complaint which is incorporated herein by reference) and the Court will retain jurisdiction over this matter.

Crawford Central School District
Crawford Central School Board
Michael Dolecki Superintendent
Charles Heller, III, Assistant Superintendent
                (Defendants)

Rowena Wagner
(Plaintiff)

_____

By:_____

Dated:_____

SO ORDERED:

This_____day of January 2006

_____
Sean J. McLaughlin
United States District Judge