Confidential

P.O. Box 1585
Erie, PA 16506

February 2, 2006


Honorable Sean J. McLaughlin
United States District Judge
United States District Court For
The Western District of Pennsylvania
United States Courthouse and Post Office
17 South Park Row
Room A-250
Erie, PA 16501

    (Fax: 814-464-9617
    Re: <u>Wagner (v) Crawford Central School District, et al (No. 04-264 Erie)</u>

Dear Judge McLaughlin:

The Plaintiff is appreciative of your efforts in assisting the parties reach a settlement in the captioned proceedings. Unfortunately, however, the parties have reached an impasse and it is fair to conclude that negotiations have broken down and will not proceed beyond this point. Thus, Plaintiff, respectfully, requests the Court to immediately convene a conference to determine the state of the record including matters relating to the close of discovery as January 30, 2006, and to assess the Court's Order of 13 January 2006 which purportedly ordered the case administratively closed and that the parties file a Stipulation of Dismissal per Fed. R. Civ. 41. Because the parties are unable to reach a mutual understanding regarding certain key and operative terms of the hoped-for Agreement, the Plaintiff is unable to conclude and consummate the action by which the captioned proceeding would be dismissed under the terms of a Stipulation of Dismissal per Fed. R. Civ. P. 41.

Plaintiff wishes the Court to know that she and her Counsel have endeavored to take every reasonable step to resolve this action and to bring closure to these proceedings. Plaintiff is transmitting herewith copies of the respective proposed Settlement Agreement that the parties exchanged. Because the terms and conditions set forth in the Defendants' draft agreement is so wildly at variance with the conceptual and incomplete written understanding that was discussed at the January 12th Settlement Conference, Plaintiff finds the Defendants' draft agreement <u>unacceptable</u>, and thus, refuses to sign a Stipulation of Dismissal per Fed. R. Cir. P. 41. It is noted, in passing,

that Rule 41 contemplates that the voluntary dismissal of an action by stipulation <u>requires the signature of all parties who have appeared in the action.</u>

For the foregoing and following reasons noted below, the Plaintiff intends to petition the Court, under separate cover, to reinstate the Amended Case Management Plan and restore the record of the proceeding to the status quo, ante, i.e., the position parties were as of January 12, 2006 prior to the Settlement Conference:

First, to be legally enforceable under Pennsylvania law, the Settlement Agreement is required to be reduced to a writing and properly signed by the parties. (Pennsylvania Uniform Written Obligations Act, Statute of Frauds 33 P.S. 1 et seq.).

Second, Paragraph 2 of Page 2 of Defendants' Draft Agreement is objectionable because it seeks dismissal of the action <u>with prejudice</u>, a condition which runs counter to the Court's declaration found in the last paragraph on page 3 of the transcript of the Settlement Conference held on January 12th.

Third, as stated in Plaintiff's letter of January 23, 2006 to Attorney Kuhar, the Defendants' Draft Agreement is largely illusory and unenforceable because there exists no definite commitment on the part of the School District as to when the Plaintiff will be employed as a long term substitute or regular full time teacher (enclosed). Since the January 12th Settlement Conference, Plaintiff has worked only two days, which is totally at odds with her understanding that she would have immediate gainful employment upon reaching a settlement.

Fourth, the Defendants' Draft Agreement does not specify the conditions under which Plaintiff would agree to release the Defendants' from asserted claims and it is therefore incomplete.

Fifth, Paragraph 5 (B) of the Defendants' Draft Agreement is unconscionable and violative of Pennsylvania public policy to the extent it requires Plaintiff to surrender her rights to sue on the basis of federal anti-discrimination mandates contained in the Amended and Second Amended Complaints.

Sixth, the record was incomplete for negotiating purposes because the Court did not yet rule on Plaintiff's Second Amended Complaint with respect to the First, Second, Third, Fourth Fifth and Sixth Claims For Relief.

Seventh, from the outset, Plaintiff made it clear to the Defendants that any Settlement Agreement must be consummated under the auspices of the Court in the form of a Consent Decree. (See Plaintiff's Demand Letter of December 29, 2005 to Atty. Kuhar) (enclosed). Yet, the Defendant Draft Agreement makes no provision for the Court's signature and the execution of a Consent Decree.

Eighth, the Defendants have failed to comply with Plaintiff's Fifth Request for Production of Documents, per a subpoena issued more than 30 days ago. Plaintiff also seeks to

compel compliance with the subpoena because it was not complied with in accordance with Fed. R. Cir. P. 34 (b).

Ninth, Plaintiff objects to Paragraph 10 of the Defendants' Draft believing that Plaintiff should be able to recoup costs, and expenses incurred in prosecuting this action.

Tenth, Plaintiff objects to Paragraph 11 of Defendants' Draft because it seeks to prohibit Plaintiff from suing on the basis of the underlying Amended and Second Amended Complaints, which contravenes Plaintiff's right to access the Court, upon a breach of the Settlement Agreement (Consent Decree).

Plaintiff respectfully requests the Court to give prompt attention to this matter.

Respectfully submitted,

Caleb L. Nichols
Counsel for Plaintiff
Rowena anger

Enc.

Cc: Mark Kuhar, Esq.