

# KNOX McLAUGHLIN GORNALL & SENNETT

*A Professional Corporation*

120 West Tenth Street
Erie, Pennsylvania 16501-1461
814-459-2800
Fax 814-453-4530
www.kmgslaw.com

Mark J. Kuhar
Direct Dial Number
814-459-9886 Ext. 250
mkuhar@kmgslaw.com

January 4, 2006

RICHARD H. ZAMBOLDI
JACK M. GORNALL
HARRY K. THOMAS
MICHAEL A. FETZNER
JAMES T. MARNEN
MICHAEL J. VISNOSKY
DONALD E. WRIGHT, JR.
RICHARD W. PERHACS
ROBERT G. DWYER
R. PERRIN BAKER
MARK E. MIODUSZEWSKI
CARL N. MOORE
DAVID M. MOSIER
THOMAS A. TUPITZA
GUY C. FUSTINE
RICHARD E. BORDONARO
BRIAN GLOWACKI
JOHN O. DODICK
FRANCIS J. KLEMENSIC
TIMOTHY M. SENNETT
WILLIAM C. WAGNER
PATRICIA K. SMITH
MARK T. WASSELL
RICHARD A. LANZILLO
JOANNA K. BUDDE
PETER A. PENTZ
MARK G. CLAYPOOL
THOMAS C. HOFFMAN II
MARK J. KUHAR
CHRISTOPHER J. SINNOTT
TIMOTHY M. ZIEZIULA
JENNIFER E. GORNALL-ROUCH
MARK A. DENLINGER
JEROME C. WEGLEY
TRACEY D. BOWES
TRACY L. REINHART
NEAL R. DEVLIN
ANDREW F. GORNALL
NADIA A. HAVARD

OF COUNSEL:
  WILLIAM C. SENNETT
  EDWIN L.R. McKEAN

**Via Fax No. 454-6247 and U.S. Mail**

Caleb L. Nichols, Esq.
P.O. Box 1585
Erie, PA 16507

RE:  Wagner v. Crawford Central School District, et al.
     C.A. No. 04-264 Erie

Dear Mr. Nichols:

I have reviewed your December 29, 2005 letter that you hand-delivered. While your letter purports to be a settlement demand, it simply is not. Your letter is nothing more than a summary of the demands in Plaintiff's complaint. Actually, it arguably is more demanding than the prayer for relief in Plaintiff's complaint in that you insist upon a consent order.

If you intend to provide my Defendants with a settlement demand via letter or otherwise, please do so by 5:00 p.m. on January 9th so that our entire group can assess it prior to our January 12th hearing with Judge McLaughlin.

As I advised you on December 23rd, the District is willing to permit Ms. Wagner an opportunity to make herself a viable candidate by complying with the remedial plan previously proposed by Mr. Heller and Ms. Good, including part-time employment in the District's after school program. In the event she would do so, the District would be willing to employ Ms. Wagner, initially as a long-term substitute, and then as a regular full-time employee. This would require the discontinuance of this action and the execution of a global agreement and release mutually satisfactory to all parties, except the Crawford Central Education Association, which would not be a party to the settlement.

D-1

Caleb L. Nichols, Esq.
January 4, 2006
Page 2

Your December 29th letter suggests strongly that Ms. Wagner has no interest in resolving this matter. Frankly, in light of the patently meritless nature of her claims, and their vulnerability to a motion for summary judgment, I am very surprised with her "all or nothing" approach in your December 29th letter. I am also, therefore, extremely doubtful that this case will settle.

                              Very truly yours,

                              KNOX McLAUGHLIN GORNALL &
                              SENNETT, P.C.

                              Mark J. Kuhar

MJK/hm
# 650595

c:    Charles E. Heller, III, Assistant Superintendent
      Crawford Central School District

      Lori Metka, Educators' Legal Liability Claim Specialist
      School Claims Service, LLC
      RE:    Claim No.:    PSBA 004763
             D/Loss:       2/20/03