IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROWENA WAGNER | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | **CIVIL ACTION** |
| | ) | No. 04-264E |
| CRAWFORD CENTRAL SCHOOL DISTRICT | ) | |
| CRAWFORD CENTRAL SCHOOL BOARD | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| MICHAEL E. DOLECKI, SUPERINTENDENT, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| CHARLES E. HELLER, III, | ) | |
| ASSISTANT SUPERINTENDENT, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE CRAWFORD CENTRAL | ) | |
| EDUCATION ASSOCIATION | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS' RESPONSES TO
## PLAINTIFF ROWENA WAGNER'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS, CRAWFORD CENTRAL SCHOOL DISTRICT, CRAWFORD CENTRAL SCHOOL BOARD, MICHAEL E. DOLECKI, SUPERINTENDENT, AND CHARLES E. HELLER, III, ASSISTANT SUPERINTENDENT

Plaintiff Rowena Wagner, through her counsel, Caleb L. Nichols, Esq. directs the following

First Request for Production of Documents to Defendants Crawford Central School District et al

and requests their completion under oath within fifteen (15) days, preferably, but not more than

thirty (30) days of service in accordance with Fed.R.C.P. No. 34(b).

The Crawford Central School District and the School Board are hereby requested to produce the following documents as stated below. All requests herein are continuing in nature as to require the named Defendants to supplement or amend their responses in accordance with Federal Rules of Civil Procedure Rule 26(e). All documents withheld from production should be specified by name, date and reason for withholding. Plaintiff requests production of the following matters:

**GENERAL OBJECTIONS:**
**Defendants can be required to produce specific documents. Defendants cannot produce "matters."**

(1)    With respect to the documents called for in Paragraph 10 of Exhibit (1) of Plaintiff's FOURTH REQUEST FOR PRODUCTION, also provide the following:

(a)    the dates the substitutes who taught under an emergency permit worked in the Crawford Central School District during the school years of 2001, 2002, 2003, 2004, 2005 (including the Fall semester of 2005/2006 school year);

(b)    the location of elementary, and middle schools where they taught;

(c)    the permanent or full time teacher for whom the substitute teacher taught;

(d)    Method by which the availability of the substitute teacher was determined;

(e)    Identify who placed the substitute teacher in the position, i.e., Communication Center, Inc., Crawford Central School District Administration, or the permanent teacher;

**ANSWER:**
**The undersigned counsel previously advised Plaintiff's counsel that the requested information is available from the District's substitute employee coordinator, Communications Center, Inc., at a cost of ten dollars per person-specific summary. On January 6, 2006, the undersigned sent Plaintiff's counsel a summary of the information available in the District's payroll records. Please contact me if you wish to discuss this further.**

(2)    Regarding the two (2) Interviews which Rowena Wagner had for teaching positions in December 2002 and March 2004, together with classroom observations, document the following:

(a)    document who prepared the evaluation and testing standards and queries;

**ANSWER:**
**OBJECTION.  Plaintiff's Request No. 2(a) is an interrogatory in excess of the number of interrogatories provided for in Fed.R.Civ.P. 33(a).**

(b)    document the professional qualifications of those who devised the Employment Interview Analysis Application;

**ANSWER:**
**OBJECTION.  Plaintiff's reference to "qualifications" in Request No. 2(b) is vague, such that Defendants are unable to provide an answer.**

**OBJECTION.  Plaintiff's Request No. 2(b) is an interrogatory in excess of the number of interrogatories provided for in Fed.R.Civ.P. 33(a).**

(c)    document the professional qualifications of those who conducted the Interviews and the Classroom Observations;

**ANSWER:**
**OBJECTION.  Plaintiff's reference to "qualifications" in Request No. 2(c) is vague, such that Defendants are unable to provide an answer.**

**OBJECTION.  Plaintiff's Request No. 2(c) is an interrogatory in excess of the number of interrogatories provided for in Fed.R.Civ.P. 33(a).**

(d)    Did the Administration consult with experts in developing the testing and evaluation methods by which Mrs. Wagner was evaluated?

**ANSWER:**
**OBJECTION.  Plaintiff's Request No. 2(d) is an interrogatory in excess of the number of interrogatories provided for in Fed.R.Civ.P. 33(a).**

(e)    Document what the Administration did to validate the testing procedures by which Mrs. Wagner was evaluated?

**ANSWER:**
**OBJECTION.  Plaintiff's Request No. 2(e) is an interrogatory in excess of the number of interrogatories provided for in Fed.R.Civ.P. 33(a).**

      (f)      Document what, if anything, the School District did to diversify the pool of applicants from which Mrs. Wagner was interviewed.

**ANSWER:**
**OBJECTION.  Plaintiff's Request No. 2(f) is an interrogatory in excess of the number of interrogatories provided for in Fed.R.Civ.P. 33(a).**

      (g)      Document whether the methods and procedures by which Mrs. Wagner was evaluated for teaching positions tested to assure that the applicants possess the minimum qualifications for the position that satisfied the minimum performance standards.

**ANSWER:**
**OBJECTION.  Plaintiff's reference to "methods and procedures" in Request No. 2(g) is vague, such that Defendants are unable to provide an answer.**

**OBJECTION.  Plaintiff's Request No. 2(g) is an interrogatory in excess of the number of interrogatories provided for in Fed.R.Civ.P. 33(a).**

      (h)      Document how the evaluation procedures by which the School District interviewed and observed Mrs. Wagner tested for the minimum level of acceptable performance.

**ANSWER:**
**OBJECTION.  Plaintiff's reference to "minimum" in Request No. 2(h) is vague, such that Defendants are unable to provide an answer.**

**OBJECTION.  Plaintiff's Request No. 2(h) is an interrogatory in excess of the number of interrogatories provided for in Fed.R.Civ.P. 33(a).**

      (i)      Document the methodology that the School District used to confirm that the evaluation procedures and standards are valid and job-related.

**ANSWER:**
**OBJECTION.  Plaintiff's Request No. 2(i) is an interrogatory in excess of the number of interrogatories provided for in Fed.R.Civ.P. 33(a).  Without waiving their objection, Defendants do not possess documents responsive to Plaintiff's Request No. 2(i).**

(j)    Document any validation study or Statistical Analysis conducted by the School District of its testing and evaluation procedures used in interviewing, screening and hiring elementary teaching staff.

**ANSWER:**
**OBJECTION. Plaintiff's Request No. 2(j) is an interrogatory in excess of the number of interrogatories provided for in Fed.R.Civ.P. 33(a). Without waiving Defendants' objection, Defendants do not possess documents responsive to Plaintiff's Request No. 2(j).**

(k)    Were the evaluation procedures utilized to interview and observe Mrs. Wagner in 2002 and 2004 wholly subjective, partially objective and partially subjective, or otherwise?

**ANSWER:**
**OBJECTION. Plaintiff's references to "subjective," "partially objective" and "partially subjective" in Request No. 2(k) are vague, such that Defendants are unable to provide an answer.**

**OBJECTION. Plaintiff's Request No. 2(k) is an interrogatory in excess of the number of interrogatories provided for in Fed.R.Civ.P. 33(a). Without waiving Defendants' objections, the procedures used were described by Assistant Superintendent Charles Heller during his deposition. Plaintiff can assess their "subjectivity," as necessary.**

(l)    Document the methodology the School District used to determine whether there was a correlation between test or scoring of interviews) and job performance.

**ANSWER:**
**OBJECTION. Plaintiff's reference to "correlation between test or scoring of interviews and job performance" in Request No. 2(l) is vague, such that Defendants are unable to provide an answer.**

**OBJECTION. Plaintiff's Request No. 2(l) is an interrogatory in excess of the number of interrogatories provided for in Fed.R.Civ.P. 33(a).**

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.


Mark J. Kuhar, Esq.
120 West Tenth Street
Erie, Pennsylvania 16501-1461
Phone: (814) 459-2800
Fax: (814) 453-4530
E-mail: mkuhar@kmgslaw.com
PA Bar No.: PA71185

Attorneys for Defendants,
Crawford Central School District,
Crawford Central School Board,
Michael E. Dolecki, Superintendent and
Charles E. Heller, III, Assistant
Superintendent