IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROWENA WAGNER,<br><br>  Plaintiff<br><br>  v.<br><br>CRAWFORD CENTRAL SCHOOL<br>DISTRICT, et al.<br><br>  Defendants | ) Civil Action No. 04-264 ERIE<br>) Judge Sean J. McLaughlin<br>)<br>)<br>) ELECTRONICALLY FILED<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

AND NOW COME Defendants, Crawford Central School District, Crawford Central School Board, Michael Dolecki and Charles Heller, and submit the within response to Plaintiff's statement of material facts.

## I.   GENERAL OBJECTIONS

1.   Paragraphs 1-30 of Plaintiff's statement of material facts are compound; many distinct assertions of fact are grouped into single paragraphs, contrary to Local Rule 56.1.

2.   Virtually all of Plaintiff's stated material facts are no supported adequately by citations to the record, also required by Rule 56.1.

## II.   RESPONSES

1.   Defendants have no independent knowledge regarding the truth or falsity of the particulars of Plaintiff's background and education and therefore deny the averments of Paragraph 1.  Defendants admit that Plaintiff has the requisite degree and certification to serve as an elementary school teacher in Pennsylvania.

2. Defendants have no independent knowledge regarding the truth or falsity of the allegations surrounding Plaintiff's background and education and therefore deny the averments of Paragraph 2. Defendants deny that the details of Plaintiff's field experience are material.

3. Defendants have no independent knowledge of, and therefore deny, the averments of Paragraph 3 to the extent they contain the opinions of non-defendants regarding Plaintiff's activities during her college education.

Defendants have no knowledge of what Plaintiff's professors or teachers may or may not have indicated to her and therefore deny this averment and deny that this is a material fact in any event.

Defendants admit that Plaintiff was not informed that poor grammar was one of several reasons she was not selected by the hiring committee following her interview but deny that this is a material fact.

Defendants deny that "a very complimentary letter" was provided to Plaintiff by District Assistant Superintendent, Charles Heller, which expressed "his regard and respect" for her teaching. Said letter was a form letter that speaks for itself and Defendants deny that Plaintiff's characterization of said document is accurate and deny that this is a material fact in any event.

4. Defendants admit that Plaintiff was hired as a substitute teacher in the fall of 2001 following an interview. It is denied that any former or current representative of the District guaranteed that Plaintiff would receive a full-time teaching position if she first served as a substitute teacher.

2

Defendants have no knowledge of what Plaintiff may or may not have understood so they deny this averment and deny that this is a material fact.

5.  Defendants have no knowledge of how Plaintiff estimated the stated percentages and therefore deny them.  It is admitted that teachers have at times prepared reports regarding Plaintiff's service as a substitute but it is denied that said reports, which are documents that speak for themselves, consistently characterized Plaintiff's performance as "excellent."  It is further denied that teachers' statements made in said reports are material in that said teachers were not involved in the award of the positions Plaintiff sought.

6.  Defendants admit that Plaintiff applied for over 75 positions, the vast majority of which received a bid from current employees with contractual bidding rights requiring their selection, not Plaintiff.  It is denied that at least 25 did not receive a bid.  Plaintiff's Depo. at 38 and C. at ¶ 16.  It is further denied that Plaintiff was "qualified" for those vacancies.  First Heller Aff. at ¶ 26.

7.  It is denied that Defendants had a custom of filling vacancies caused by leaves based solely upon the recommendations of the teachers being replaced.  First Heller Aff. at ¶ 10-12.

8.  Defendants admit that Pickens took a medical leave.  It is denied that any "verbal agreement" was ever created between Pickens and Heller that Plaintiff would fill the Pickens' position permanently or until the end of the fall semester.  First Heller Aff. at ¶ 16.

9.  Defendants admit that Plaintiff began serving as a day-to-day substitute for Pickens in November of 2002 and that Heller and District Principal Kurt Meader both

performed classroom observations during that same month. It is denied that Plaintiff's performance was satisfactory in all respects. First Heller Aff. at ¶ 24.

10. Defendants admit the averments of Paragraph 10, except to the extent they imply that minimally qualified minority applicants other than Plaintiff applied for the four long-term substitute positions. Defendants deny that the averments are material.

11. Defendants deny that Heller "summarily dismissed" Plaintiff from the Pickens' position. Defendants admit that Plaintiff was informed that she was not selected to replace Pickens on a long-term basis. It is further admitted that Heller supervised members of the interviewing committee and that they are all Caucasian, but denied to the extent it is implied that Heller influenced the interviewers' decisions or scoring in any manner. First Heller Aff. at ¶¶ 4-5, 18; Second Heller Aff. at ¶5-6.

12. The averments of Paragraph 12 are denied. By way of further response, the depositions of Joye Pickens and District Superintendent Michael Dolecki are documents that speak for themselves and Plaintiff's characterization of said depositions is denied. Pickens does not testify regarding whether the District ever dismissed a substitute teacher in the manner described. Dolecki testified that Plaintiff subbed for Pickens but that the Administration decides whether an assignment will be short-term or long-term and that the District makes the hiring decisions, not teachers. Dolecki Depo. at 81-83.

13. Defendants admit that some evaluations were unsigned but deny that any contained any comments whatsoever regarding ethnicity or national origin. It is further denied that applicants were hired without an interview or a classroom observation. Plaintiff's characterization of Heller's written evaluative comments is denied; the

4

document speaks for itself. First Heller Aff. at ¶ 13. Defendants deny that the averments are material.

14.     The averments of Paragraph 14 are legal conclusions to which no response is required. To the extent a response is deemed required, said averments are denied.

15.     Defendants admit Tammy Foster's past experience and education and that she was hired as a teacher's aide in 1999, but lack information regarding the remaining averments and deny the averments to the extent they imply that the existence of Plaintiff's lawsuit is at all related to the decision to hire Foster as a teacher. Defendants deny that the averments are material.

16.     Denied. Plaintiff's characterization of Byrd's testimony is inaccurate and his deposition is a document that speaks for itself. Defendants deny that the averments are material.

17.     Defendants deny that the District or its administration knowingly violated any provision of law or that any violation in any way signifies discrimination against Plaintiff. Defendants have no knowledge regarding the circumstances of Susan Baker, Lisa Shuffstall and Leslie Jensen and therefore deny this averment. Plaintiff never mentioned these individuals during her deposition questioning. The District hired Noami Uy-Moore because of her qualifications and upon the approval of the Pennsylvania Department of Education. Second Heller Aff. at ¶ 8. Furthermore, it is denied that these averments are material.

18.     Plaintiff's statements regarding statistical evidence are legal conclusions and are therefore denied. It is further denied that the numbers set forth by Plaintiff are

properly termed "statistics" or indicate a "pattern or practice" of any kind or that they are material to this case. It is admitted that at least fourteen (14) minority teachers have been hired since 1990. Defendants deny that these averments are material.

19. Denied. It is unclear what is meant by the term "documented effort." By way of further answer, it is admitted that there have been numerous minority recruitment efforts during the history of the District. Dolecki Depo. at 46. It is denied that these averments are material.

20. It is denied that the School Board and/or the administration failed to implement the Anti-Nepotism policy. It is denied that there is any Anti-Nepotism law or statute in Pennsylvania. It is further denied that the School Board violated any Anti-Nepotism statute. Defendants deny that these averments are material.

21. It is denied that George Wright met with Plaintiff on January 3 or that the averments are material. Furthermore, the averments of Paragraph 21 are improper in that there is no support listed as is required by the local rule.

Plaintiff's characterization of Wright's testimony is denied; the deposition is a document that speaks for itself. By way of further answer, it is admitted that Wright stated that "in all likelihood" the Board was notified of Plaintiff's complaint and lawsuit. Defendants deny that these averments are material.

22. Denied, except that it is admitted that Dolecki projected that the District would generally have an increased need for substitute teachers during the specified time period. Defendants deny that these averments are material.

23. It is admitted that Dolecki certified a projection of a shortage of substitutes for school year 2004-2005. Defendants deny that these averments are material.

24. Denied. Darling has not been deposed nor has she prepared an affidavit. Defendants do not have first-hand knowledge of her comments.

Defendants deny that Darling had the authority in any event to advise Plaintiff that she was ineligible to apply or that she spoke with authorization or as a representative of the District. Defendants deny that these averments are material in that there is no evidence that Darling played any role in the District's selection for the position described in Paragraph 24.

Defendants have no knowledge regarding Plaintiff's actions in pursuing a Cochranton teaching position or her motivations in ceasing to so pursue a position and therefore deny this averment. It is further denied that the averments of Paragraph 24 are material to this dispute.

25. The averments of Paragraph 25 are legal conclusions and no response is required. To the extent a response is deemed necessary, the averments are denied. By way of further answer, it is admitted that the District has absolute discretion in its hiring decisions and must only refrain from unlawful discrimination. It is admitted that the Pennsylvania Department of Education has established minimal qualifications for teachers.

26. The averments of Paragraph 26 are legal conclusions and no response is required. To the extent a response is deemed necessary, the averments are denied. It is denied that the District's methods of evaluating candidates, including Plaintiff, were in any manner inappropriate, unlawful, unfair, open-ended, ambiguous or arbitrary. See First Heller Aff. at ¶¶ 4-7 regarding the process and criteria used to hire teachers.

27. It is admitted that Attorney Perhacs' letter is a document that speaks for itself and Plaintiff's characterization of the letter as well as any isolated sentence or phrase therein is denied. Defendants deny that these averments are material.

28. Plaintiff's characterization of Heller's affidavit and Dolecki's affidavit is denied; the affidavits are documents that speak for themselves. Any remaining averments are denied.

29. Plaintiff's characterization of Dolecki's affidavit is denied; the affidavit is a document that speaks for itself. By way of further answer, Plaintiff specifically requested that she be observed in the classroom. Wagner Depo. at 19.

30. Denied; the affidavit is a document that speaks for itself. It is admitted that, in general, all interviewees undergo classroom observations, except those who have served as long-term substitutes in the past. Heller Aff. at ¶ 13. Heller Depo. at 59. The remaining averments of Paragraph 30 are denied and are immaterial.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.

BY: /s/     Mark J. Kuhar
    Mark J. Kuhar, Esq.
    120 West Tenth Street
    Erie, Pennsylvania 16501-1461
    Phone: (814) 459-2800
    Fax: (814) 453-4530
    E-mail: mkuhar@kmgslaw.com
    Bar No.: PA71185

    Attorneys for Defendants,
    Crawford Central School District,
    Crawford Central School Board,
    Michael E. Dolecki, Superintendent
    and Charles E. Heller, III,
    Assistant Superintendent

# 682610