**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROWENA WAGNER, | ) Civil Action No. 04-264 ERIE |
| Plaintiff | ) Judge Sean J. McLaughlin |
| | ) |
| v. | ) ELECTRONICALLY FILED |
| | ) |
| CRAWFORD CENTRAL SCHOOL | ) |
| DISTRICT, et al. | ) |
| Defendants | ) |

## DEFENDANT'S PRE-TRIAL NARRATIVE STATEMENT

AND NOW, this 6th day of December 2006, Defendants, Crawford Central School

District, Crawford Central School Board, Superintendent Michael E. Dolecki, and

Assistant Superintendent Charles E. Heller, III, by and through their counsel, Knox

McLaughlin Gornall & Sennett, P.C., file the following Pre-trial Narrative Statement:

## I.    MATERIAL FACTS AND DEFENSES

Plaintiff, Rowena Wagner, alleges in her Amended Complaint filed on October 8,

2004 that Crawford Central School District ("District"), Crawford Central School Board

("Board"), District Superintendent Michael Dolecki ("Dolecki") and District Assistant

Superintendent Charles Heller ("Heller") (collectively the "District Defendants")[1]

unlawfully discriminated against her on the basis of her race (Asian) and national origin

(Filipino) in that she was not selected for employment with the District as a long-term

---

[1]     During the October 27, 2006 hearing on Defendants' Motion for Summary
Judgment, the Court dismissed Crawford Central School Board, Superintendent
Michael E. Dolecki and Assistant Superintendent Charles E. Heller, III as
defendants.

substitute elementary teacher[2] and/or a "permanent" full-time elementary teacher since 2002, as more fully set forth below.  Plaintiff's disparate treatment claims are based upon Title VII, Section 1981, her rights under the 14th Amendment via Section 1983 and the Pennsylvania Human Relations Act, as well as "relevant state law" regarding infliction of emotional distress or other tortious acts.  Plaintiff thereafter sought Court approval to amend her Complaint, which was denied on January 12, 2006.

On or about February 20, 2003, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission, which was dually filed with the Equal Employment Opportunity Commission.  Plaintiff claims that thereafter, apparently through the date of the filing of her amended complaint, the District and the Board knew or should have known that she was asserting her rights under Title VII (First Claim). Plaintiff contends that the District's failure to choose her for short-term and/or long-term substitute and/or permanent positions following February 20, 2003 also was unlawful retaliation against her for having filed her PHRC/EEOC charge of discrimination in violation of Title VII.

The District Defendants filed a motion for summary judgment on June 26, 2006 that was partially granted on October 27, 2006.  Specifically, the Court dismissed Plaintiff's retaliation claim with respect to the number of per diem substitute assignments she received after filing her PHRC/EEOC charge, i.e. part of her Title VII retaliation claim.  The Court also granted summary judgment on Plaintiff's Pennsylvania tort law claim.  Finally, the Court also dismissed the Crawford Central School Board,

---

[2]    Unless otherwise indicated, all references to "teacher" or "position" herein are to elementary teaching positions, the only type for which Plaintiff is certified.

Superintendent Michael Dolecki and Assistant Superintendent Charles Heller as defendants.

The District has employed Plaintiff as a casual "day-to-day substitute" since August 2001.  Plaintiff began applying for permanent positions in the early part of the 2002 school year.  On approximately November 15, 2002, the District assigned Plaintiff to temporarily replace District elementary teacher Joye Pickens during Pickens' health-related leave of absence, pending its selection of a person to staff Pickens' class for the remainder of her leave, i.e. the balance of the 2002-03 school year ("Pickens Position").  The District then interviewed Plaintiff and several other candidates to determine who would fill the Pickens Position during the remainder of Pickens' absence.  The District selected a Caucasian, American-born candidate, Amy Szalewicz, to fill the Pickens Position beginning December 21, 2002.

The District hires new teachers for "permanent" vacancies and long-term substitute positions through a process whereby Heller assembles an interview team comprised of himself and other administrators[3] to interview applicants for long-term substitute positions and full-time teaching positions.  During the interviews, each administrator on the interview team independently completes his/her own interview analysis form, on which multiple qualifications of candidates are evaluated, which are used to asses the strengths and weaknesses of each interviewee.  Upon completing all interviews for an available position, the interview team reviews the interview analysis forms, discusses their impressions of the applicants and determines collectively which

---

[3]  For elementary positions, interview committees included elementary administrators; for high school positions, high school administrators.

applicants should be recommended for a position(s).  A list of suggested hires is then compiled and forwarded to the Board, after having been reviewed and approved by the Superintendent.  Although the ultimate decision rests with the Board, the Board has approved the recommendations of the interview teams for all positions known by the District Defendants to be implicated by the Complaint, including the Pickens Position. When they conducted interviews for the Pickens Position, the interview team's independently derived assessments of Plaintiff's interview performance resulted in scores consistently lower in categories such as "knowledge of the job" and "insight and alertness," whereas Szalewicz scored consistently higher.[4]

Additionally, Heller performed a classroom observation of Plaintiff while she was substitute teaching Pickens' class during which he noted that Plaintiff had trouble keeping the students' attention in the classroom and appeared nervous in front of the students.  Heller also noted in his classroom observation that Plaintiff failed to involve a sufficient number of students during discussions to assess their understanding. Cochranton Elementary School Principal, Kurt Meader, noticed the same shortcoming during his observation of Plaintiff.  Plaintiff's noted difficulties in the classroom indicated that she was not ready to manage her own class.

Although Plaintiff may note that some regular teachers for whom she has substituted have been favorably impressed with her, those teachers have never seen Plaintiff in a classroom setting.  Instead, the teachers were impressed by things such as the neatness of their desks upon their return and the fact that their lesson plans were

---

[4]    Szalewicz scored between 36 and 44 points out of a potential 45 points during her interview, Plaintiff scored between 26 and 30 points out of a potential 45 points during her interview with the same committee.

followed.  The qualities that are desirable in a substitute teacher are not necessarily

indicative of the required qualities of a permanent teacher.

In addition to her strong performance during her interview, Szalewicz was

chosen, in part, because she possessed more teaching experience than Plaintiff[5],

greater knowledge of the job and other relevant teaching characteristics which made

her more desirable for the Pickens Position than Plaintiff.  Therefore, Plaintiff's short-

term assignment ended on December 20, 2002 and she resumed her duties as a day-

to-day substitute.  Plaintiff characterizes the cessation of her temporary replacement of

Pickens as a "dismissal."  In fact, however, Plaintiff has acknowledged that it was her

assumption that she would replace Pickens for Pickens' entire leave of absence and

that the District had never specified any particular length of time for her assignment.

Plaintiff also alleges that the District deviated from a customary practice when it

chose Szalewicz as Pickens' long-term replacement.  Specifically, Plaintiff contends that

it was the District's practice to fill long-term, temporary teaching vacancies based solely

upon the recommendation of the full-time teacher who was to be replaced.  Yet, Plaintiff

acknowledged that she has no firsthand knowledge of this alleged practice and that her

only evidence of it is what she has been told by Pickens and others who were not in a

position to know the District's then current practices.  In actuality, since Heller became

primarily responsible for the process of screening and recommending long-term

substitutes in February 2002, he has never selected a long-term substitute based solely

---

[5]    Szalewicz had taught at another school district for two years prior to being chosen
       for the Pickens' Position.

on the recommendation of the teacher to be replaced.  Since at least November 1994, District teachers have not been permitted to select their own long-term substitutes. Permanent teachers seldom recommend their replacements during leaves of absence. Recommendations by teachers, when they occur, have always been merely one factor in the District's selection of leave of absence replacements.  During the relevant period, the District has required candidates for long-term substitute assignments to undergo an interview process and, often, classroom observation, except in certain specific circumstances where the District has firsthand knowledge of an applicant's teaching, i.e. the applicant has previously performed a long-term substitute position for the District. Successful candidates are chosen based on the District's evaluation of their merits relative to the other candidates.  The District interviewed Plaintiff for the Pickens Position, but did not hire her because Plaintiff's interview scores were lower than those of the successful candidates.

From 2002 through 2004, Plaintiff claims to have applied unsuccessfully for more than seventy-five long-term substitute and full-time teaching positions with the District. Plaintiff concedes that all but seven were bid upon by bargaining unit teachers with contractual entitlements to the positions.  It is unclear whether Plaintiff is alleging that the seven for which Plaintiff claims outside candidates were chosen were permanent positions or long-term substitute positions, or some combination thereof.  In fact, from January 1, 2002 through April 1, 2004, all permanent elementary positions were filled with internal bidders with contractual rights to their positions.  Plaintiff claims that, with respect to the unidentified seven positions, she was fully qualified and met all standards established by the District.  Because of this, and because the positions were not subject

to any contractual preference of current employees, Plaintiff believes that she was "entitled" to the positions and asks the Court to infer, without any evidence, that unlawful bias motivated the District's selection of others.

Plaintiff also generally alleges that the District and the Board unfairly conducted job postings in an effort to disadvantage her in her job search and application process. However, Plaintiff has not identified the supposed unfairness with any specificity, except that on one particular occasion, Plaintiff applied for a vacant third grade teaching position at Neason Hill Elementary School, posted on November 12, 2002, only to be informed less than one month later (December 11, 2002) that the position "no longer existed." In actuality, the position had been posted in error, was rescinded and was never filled. Plaintiff acknowledges she has no evidence to the contrary.

A substitute teacher will not necessarily be hired as a permanent teacher merely by possessing a certificate and substituting day-to-day for a period of time. Plaintiff alleges that she was subjected to interviews for teaching positions and for long-term substitute positions, whereas other substitute teachers received long-term substitute contracts without such interviews. Plaintiff also contends that some of the applicants selected for these long-term substitute teaching positions were inexperienced and less qualified than Plaintiff. Plaintiff makes similar allegations regarding applicants selected for full-time positions. However, during her deposition, Plaintiff acknowledged that she is unaware of the relative qualifications of the successful candidates and/or how they performed when interviewed, or which candidates were interviewed. For example, Plaintiff acknowledged that she did not know whether Szalewicz had been interviewed for the Pickens Position. In fact, all of the successful candidates for the positions

identified by Plaintiff were interviewed, performed better during their interviews and were, therefore, deemed by the District's interview team better candidates than Plaintiff.

Plaintiff's complaint alleges that, in early 2004, the District departed from its established employment practices when it refused to allow Plaintiff to substitute for a full-time teacher for a three-week period.  However, during discovery, Plaintiff failed to identify with any specificity which position she alleges she was wrongfully denied by the District.  Although the record is unclear to which three-week assignment Plaintiff is referring, the record contains no evidence of discriminatory animus regarding any such position.

Plaintiff claims that, in September 2004, the District unlawfully rejected her application for an unspecified, unposted teaching position, which the District later filled. Plaintiff has not identified this position in discovery.  During Plaintiff's deposition, when asked which specific jobs she thinks she should have gotten, she did not identify the September 2004 position.

The District hired nine new teachers to start in August 2004 for the 2004-2005 school year, including one minority.[6]  The minority candidate will testify that she did not experience any unlawful bias during the hiring process.  Plaintiff unsuccessfully interviewed for these positions in March 2004 .  Plaintiff asserts that some members of this group were less qualified than she and that the District "unjustifiably" rejected her application.  However, during Plaintiff's deposition, she acknowledged that she had no knowledge of the qualifications of the candidates who were hired for the 2004-05 school

---

[6]   It is unclear whether Plaintiff's complained of, aforementioned seven "non-hires" are among these nine.

year.  The candidates chosen for these positions interviewed better than Plaintiff and/or had other qualifications Plaintiff lacked.  Plaintiff's interview scores were considerably lower than the candidates who were offered positions.  Moreover, several interviewers noted that Plaintiff used poor grammar during her interview, deemed by the District to be a critical skill for an individual who will be teaching and setting an example for young children.  Her deposition testimony, in which she made numerous grammatical errors, bears this same observation.

Plaintiff contends that the District hired teaching staff pursuant to an emergency permit when Plaintiff was still available as a fully qualified and properly certificated applicant, in violation of state regulations and policies.  Plaintiff does not identify the position or explain how the District's doing so gives rise to a cause of action.  There is no record evidence of the District's doing so.

### *McDonnell Douglas* Test for Disparate Treatment Claims

Claims of intentional disparate treatment under Title VII, Section 1981, Section 1983 and the PHRA all rely upon the same *McDonnell Douglas* test.  In order to support a disparate treatment claim, a plaintiff must present evidence of four elements.  She must prove that she (1) is a member of a protected class; (2) was qualified for a position; (3) was subjected to adverse employment action [here, not chosen for a position(s)]; and that, (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position.  The central focus of the prima facie case is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin.  Throughout it all, however, it must be shown that

the employer bore a discriminatory animus against the employee and that this animus manifested itself in some challenged action, whether it be dismissal, failure to promote or failure to hire.  A plaintiff must establish a causal nexus between her membership in a protected class and the decision(s) not to hire her.

If the plaintiff successfully proves a prima facie case, the employer must present a nondiscriminatory reason that the plaintiff was not hired.  Once the employer has satisfied this burden of production, the plaintiff then has the burden of persuading the fact-finder, through evidence, that the proffered nondiscriminatory reason is merely pretext and that the real motivation for the adverse action was her membership in a protected class.  To prove pretext, the plaintiff must show that the defendant's proffered reason is weak, incoherent, implausible, or so inconsistent that a reasonable factfinder could rationally find them unworthy of credence.  At trial, the plaintiff must convince the factfinder *both* that the reason was false, and that discrimination was the real reason. The plaintiff must show not that the illegitimate factor was the sole reason for the decision, but that it was the determinative factor, that is, that but for the protected characteristic, the plaintiff would have been hired.

Significantly, it is not enough for the plaintiff to show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.  This is viewed as a justifiably difficult burden on the plaintiff.

### There is Insufficient Evidence to Support a Prima Facie Case.

Although Plaintiff is a member of protected classes and adverse employment action was taken in that she was not hired for several long-term substitute positions and

approximately nine permanent positions beginning with the start of the 2004-2005 school year, the remaining elements of her prima facie case are lacking. The evidence will show that the District's Administration, through its interview committees, deemed Plaintiff not as qualified as other candidates for the few available teaching positions for which she applied, and that, therefore, Plaintiff was not similarly situated to the applicants who were hired.

Plaintiff alleges that she was denied the Pickens Position plus several unidentified long-term substitute opportunities. Plaintiff also alleges that, beginning on an unspecified date in 2002, she began being passed-over for permanent positions. Plaintiff believed she was entitled to the Pickens Position because of an alleged District practice that allowed teachers to suggest and/or choose a particular substitute. However, the evidence will establish that although teachers may request or suggest a particular substitute, the District does not staff long-term substitute or permanent teaching positions based solely on teachers' recommendations. During the relevant period, the District has required candidates for long-term substitute assignments to undergo an interview process and, often, classroom observation, except in certain specific circumstances where the District has firsthand knowledge of an applicant's teaching, i.e. the applicant has previously performed a long-term substitute position for the District. Successful candidates are chosen based on the District's evaluation of their merits relative to the other candidates. The District interviewed Plaintiff for the Pickens Position, but did not hire her because Plaintiff's interview scores were lower than those of the successful candidates. Plaintiff was interviewed by a team of several administrators who consistently found similar weaknesses during her interview,

particularly in the categories of "insight and alertness" and "knowledge of job." Her scores ranged from 26-30 out of 45 potential points. The successful candidate for the Pickens' Position, Szalewicz, scored in the range of 36-44 out of 45 potential points. Hence, Plaintiff and Szalewicz were not similarly situated and these are not circumstances indicative of discrimination.

Likewise, Plaintiff's shortcomings, revealed during her two interviews and during observations of her while she taught, contributed to her non-selection for a permanent position.[7] The District interviewed Plaintiff and approximately forty other candidates, among hundreds of applicants, in March 2004 for several available positions. Of those interviewed, nine were hired for the start of the 2004-2005 school year. During Plaintiff's March 2004 interview, Plaintiff's scores ranged from 16-19 out of 25 possible points. Her deficiencies were in the areas of "Planning/Preparation," "Classroom Environment," "Instructional Delivery" and "Communication Skills." Several interviewers noted that Plaintiff demonstrated poor grammar, a significant weakness in a candidate for a teaching position. As discussed previously, Plaintiff's deposition also reveals a pattern of grammar misusage. Conversely, those candidates who were hired presented a much higher range of scores during the interviews and did not demonstrate grammar misusage. Clearly, these categories are relevant facets of her relative qualifications to be a school teacher. Hence, Plaintiff was not qualified for the jobs she sought for the 2004-2005 school year.

---

[7]    The District hired no one without bidding rights for elementary positions until April 2004, thereafter to start at the beginning of the 2004-2005 school year.

Thus, the individuals ultimately hired by the District during the years Plaintiff has been applying were candidates with stronger interview scores, driven by their demonstrated knowledge and qualities desirable in a teacher, something Plaintiff simply did/does not possess.  Hence, the undisputed record demonstrates that Plaintiff was not "similarly situated" with the successful candidates.

Moreover, classroom observations revealed Plaintiff's deficiencies in classroom management and demeanor.  Plaintiff was observed during class by Heller and Meader, both of whom noted that she failed to involve more than a few students and, therefore, could not assess accurately the class's comprehension.  Heller further noted that Plaintiff appeared to be nervous while teaching and did not maintain adequate control of the students.  The Administration justifiably concluded that Plaintiff needed more experience teaching as a day-to-day substitute and was not yet ready to manage her own class.

There is some testimony that others, such as Pickens, for whom Plaintiff had substituted in the past, considered her to be a capable and qualified teacher.  However, a fact-finder could not be persuaded by these testimonials because none of these individuals observed Plaintiff in the classroom.  It was during such observations that some of Plaintiff's weaknesses were revealed.  Moreover, it is the administration who assess candidates' qualifications and decide whom to hire, not teachers or other persons.  Qualities in substitutes that impress teachers may be very different from those considered to be important by the administration.  For example, a teacher may be impressed by Plaintiff's organizational skills and the fact that she leaves detailed notes for the teacher after substituting.  However, the District is understandably more

concerned with Plaintiff's abilities in front of the classroom and her ability to control the students. The fact that Plaintiff considers herself to be qualified for the positions at issue is irrelevant. The relevant question is whether the District honestly and legitimately believed that those hired were better suited for the teaching positions than Plaintiff. There is absolutely no record evidence upon which the fact-finder could conclude that it did not.

These are not circumstances that raise an inference of discriminatory action. Rather, the circumstances indicate that the District made hiring decisions based on the merits of the applicants. Because the evidence indicates that the District deemed Plaintiff to be unqualified for the positions she sought, using the same analysis applied to other candidates, and because the circumstances do not indicate discrimination, Plaintiff cannot support a prima facie case of disparate treatment.

### **There is Insufficient Evidence that the District's Sound Reasons for Refusing to Hire Plaintiff were Pretext**.

Even if Plaintiff were to present enough evidence to establish a prima facie case, i.e. that she was similarly situated to the successful candidates, she lacks the evidence to convince a reasonable fact-finder that the District's proffered legitimate, non-discriminatory reasons for not selecting her are mere pretext or that Plaintiff was not hired due to an animus based on her race or national origin. The District has contended that the successful candidates performed notably better when interviewed and/or possessed desirable knowledge and other relevant qualities not possessed by Plaintiff. There is no evidence that these meritorious reasons were not the true reasons Plaintiff was not hired. The analysis of the record evidence referenced above regarding Plaintiff's dissimilarity to successful candidates will apply equally to this issue.

Not only does the record indicate that Plaintiff was not hired for good reasons at all times, but the record is completely devoid of any evidence showing that Plaintiff was not hired because of her race or national origin. Although Plaintiff claims that the District failed to equitably and fairly consider her application as a result of her race and national origin, there is no indication in the record that Plaintiff was treated any differently than any of the other applicants or candidates. Plaintiff was asked during her deposition whether she was aware of any reason to think that her non-selection for any positions had anything to do with her race and/or national origin and she replied that she was not.

There is testimony in the record by Bernard Wagner, Plaintiff's husband, regarding an allegedly racist comment made by George Wright, a board member. Mr. Wagner alleges that Wright made the remark during a meeting regarding Plaintiff's desire to be hired by the District. Bernard Wagner Depo. at 18 ("B. Wagner Depo."). Specifically, Mr. Wagner alleges that Wright said, ". . . it's a proven fact that brown people and black people are not as smart as white people. . . ." B. Wagner Depo. at 18-19. Plaintiff testified that she never heard the remark or any such remark first-hand. P. Depo. at 55. Wright denies making such a comment and, in fact, has a history of protecting minority rights and interests. Deposition of George Wright ("Wright Depo.") at 31, 74-75.

Regardless of whether Wright made the alleged remark, he was not responsible for the decisions not to hire Plaintiff and, therefore, the remark is irrelevant. He is only one board member and there is no showing that the other members were aware of or shared his alleged prejudice. It is the interview team that decides whom to hire and the

Board has consistently adopted the team's recommendations.  There has been no showing that the members of the administration were aware of or shared Wright's alleged view.  Hence, even if Wright did harbor such animosities, those animosities were never given an outlet because Wright never asserted them nor exercised them; he was one of several board members who routinely and collectively approved a list of teachers to be hired that was composed by the Administration.  He was never asked to approve, nor given the opportunity to disapprove, the hiring of Plaintiff.

### To the Extent Plaintiff has Pled a Claim for Retaliation, the Evidence Does Not Support Such a Claim.

In order to prove retaliation, a plaintiff must establish that (1) she was engaged in protected activity; (2) she was subject to adverse employment action subsequent to or contemporaneous with said activity and (3) there is a causal link between the protected activity and adverse employment action.  The plaintiff must present evidence that would allow a reasonable fact-finder to conclude that the employer would not have taken the adverse employment action but for the plaintiff's engagement in the protected activity.  Here, Plaintiff would have to present proof that she would have been hired by the District (whether as a full-time teacher or as a long-term substitute for Pickens) if she had not filed a complaint against it.  The analysis of the record evidence above applies equally to this issue.

To the extent the pleading is sufficient to be considered a retaliation claim, the evidence reveals no causal connection between the District's decisions not to hire Plaintiff as a full-time teacher, based upon those shortcomings discussed above, and Plaintiff's filing of an administrative complaint or this action.  As discussed above, with regard to Plaintiff's discrimination claim, the administrators recommend which

candidates should be hired and the Board routinely approves the recommendation. Although Heller was aware of the PHRC/EEOC complaint filed by Plaintiff, there is no evidence that he or the other interviewers considered this fact in determining which candidates should be offered positions. The interview analysis forms prepared in December 2002, prior to Plaintiff filing any complaint, are consistent with those prepared in 2004 – in other words, the 2004 post-complaint forms are no worse than those prepared pre-complaint.

There is no evidence whatsoever that any of the interviewers who were responsible for recommending applicants to be hired, and who did not recommend Plaintiff, were affected by the fact that Plaintiff had filed a complaint. Essentially, the District's articulation of its reasons for not hiring Plaintiff place the burden on Plaintiff to produce evidence of pretext. In fact, Plaintiff acknowledged that her only reason for believing she had been retaliated against was the timing, i.e. that the District failed to hire her after she filed her PHRC/EEOC charge. The record evidence will fail to establish that the post PHRC/EEOC non-hire decisions were motivated by retaliatory animus. Further, subsequent to her filing her PHRC/EEOC charge, Plaintiff met with the Administration regarding how she could improve her candidacy. She was given specific suggestions, including part-time employment with the District in an after-school program. However, she did not undertake any of the suggested activities.

Further, and fatal to Plaintiff's retaliation claim, she has not filed a PHRC or EEOC charge alleging retaliation and/or exhausted the PHRC/EEOC administrative proceedings. Doing both is statutorily required prior to obtaining relief at trial for alleged retaliation.

Also fatal to all of Plaintiff's claims is that she has acknowledged that she has failed to attempt to mitigate her alleged damages by seeking appropriate alternative employment. Several local school districts have filled positions for which Plaintiff has the required objective qualifications during the relevant period.

Plaintiff's Section 1981, Section 1983, Title VII and PHRA claims are barred to the extent they seek relief for occurrences prior to the statute of limitations. Plaintiff's Title VII and PHRA disparate treatment claims are barred to the extent they seek recovery for occurrences more than 300 and 180 days prior to Plaintiff's filing her PHRC/EEOC charge and to the extent they seek relief for events that occurred after Plaintiff filed her PHRC/EEOC charge.

## III.    **EXPERT REPORT**

None.

## V.  <u>WITNESSES</u>

Defendant may call some or all of the following as witnesses during trial:

| | | Type | |
|---|---|---|---|
| **Witness** | | **Liability** | **Damages** |
| Catherine Bainbridge, Substitute Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | | X | |
| Asuman Baskan, Board Member<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | | X | |
| Kristen Bazylak<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | | X | |
| Robert Bazylak, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | | X | |
| Carolyn (Beers) Brown, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | | X | |
| Heidi Black, General Manager<br>Communications Center<br>829 Grant Street<br>Franklin, PA 16323 | | X | |
| Stacie Boca-Singletary, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | | X | |
| Richard Borchilo, Superintendent<br>Penncrest School District<br>18741 State Highway 198, Suite 101<br>Saegertown, PA 16433-0808 | | | X |

|  | Type | |
|---|---|---|
| **Witness** | **Liability** | **Damages** |
| Erin Bourquin, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Carole Buckeye, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Norman Carner, First Grade Teacher<br>Second District Elementary School<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Lori Carr, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Jennifer Christie-Searles, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Tammy Costello, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Melonie Courson, First Grade Teacher<br>East End Elementary School<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Bob Cryder, Assistant Superintendent<br>Conneaut School District<br>219 West School Drive<br>Linesville, PA 16424 | | X |

|  |  | Type |
| --- | --- | --- |
| **Witness** | **Liability** | **Damages** |
| Joanne Darling, Former Principal<br>Cochranton Elementary School<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Susan DeVaul, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Michael Dolecki, Superintendent<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | X |
| Chad DuPont, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Naomi Uy-Moore, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Shirley Everett, Teacher (Retired)<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Carole Fisher, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Shawn Ford, Assistant Principal/Dean of Students<br>Cochranton Jr.-Sr. High School<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |

|                                                                                                             | Type      |         |
| ----------------------------------------------------------------------------------------------------------- | --------- | ------- |
| **Witness**                                                                                                 | **Liability** | **Damages** |
| Susan Ford, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504    | X         |         |
| Tammy Foster, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504  | X         |         |
| Alicia Foulk, Substitute Teacher (Former)<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X |         |
| Sharon Godfrey, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X        |         |
| Suzanne Good, Director of Elementary Curriculum<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X |      |
| Charles E. Heller, III, Assistant Superintendent<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | X    |
| Heather Hood, Substitute Teacher (Former)<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X |      |
| Daniel Hootman, President<br>Crawford Central Education Association<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X |  |

| Witness | Type | |
|---|---|---|
| | Liability | Damages |
| Stephanie Hughes, Substitute Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Karen Jamieson, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Leslie Jenson, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| John Karns, Principal<br>West End Elementary School<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Rebecca Kelly, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Cheryl Krachkowski, First Grade Teacher<br>First District Elementary School<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Danielle Larocca, Teacher (Former)<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Amy (Szalawicz) Lawrence, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |

| | Type | |
|---|---|---|
| **Witness** | **Liability** | **Damages** |
| Blair Lawrence, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Robin Leri, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Heather Litzenburger, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Melissa Mack Maruska, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Marci Malliard, I.U. Teacher (Employed as coach)<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Rachelle (Stein) Marsteller, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | | |
| Frances McClain, Cochranton Borough Manager<br>Cochranton Borough<br>109 East Adams Street<br>P.O. Box 66<br>Cochranton, PA 16314 | X | |
| Brian McClelland, Former Board Member<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |

| | Type | |
|---|---|---|
| **Witness** | **Liability** | **Damages** |
| Ann Marie McElwain, Teacher (Former)<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Richard S. McEwen, Esq., Staff Attorney<br>(or other PSEA representative with knowledge of<br>PSEA's ethnic composition)<br>Pennsylvania State Education Association<br>4250 Route 6N<br>Edinboro, PA 16412 | X | |
| Lee McFerren, (Former District Teacher)<br>Assistant Superintendent<br>Farrell School District<br>1600 Roemer Blvd.<br>Farrell, PA 16121 | X | |
| Christine McGinnity, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Kurt Meader, Principal<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Kathleen Mercatoris, Teacher, Second Grade<br>and CCEA Building Representative for<br>Cochranton Elementary School (Retired)<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Kevin Merrit, Former Board Member<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |

|  | Type | |
|---|---|---|
| **Witness** | **Liability** | **Damages** |
| Marlene Metzler, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Jeffrey Miller, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Danielle Morris, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Amber Nolan-Johnston, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Ron Paranick, Superintendent<br>Franklin Area School District<br>13th Street<br>Franklin, PA 16323 | | X |
| Christopher Peters, Substitute Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Joye Pickens, Teacher (Retired)<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Marcie Pifer, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |

|  | Type | |
|---|---|---|
| **Witness** | **Liability** | **Damages** |
| Megan Porter, Teacher, First Grade<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Harriet Powell, Teacher (Former)<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Ross Prather, Board Member<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Walter Price, Principal<br>Second District Elementary School<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Martin Ross, Board Member<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Marie Rozakis, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Karen Sandberg, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Rebecca Schaef, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |

| | | Type |
| Witness | Liability | Damages |
| --- | --- | --- |
| Brenda Schoonover, Substitute Guidance Counselor<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Nikki Shearer, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Christa Sherred, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Aimee Shorts, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Grant Shorts, Board Member<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Lisa Shuffstall, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Rob Smith, Former Board Member<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Doug Stanton, Principal (Retired)<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |

| | Type | |
|---|---|---|
| **Witness** | **Liability** | **Damages** |
| David Stearns, Substitute Teacher (Former)<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Janice (Koseff) Steck, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | | |
| Jennifer Stefannucci, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Lisa Taormina, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Stacey Thompson, Teacher, Grade 1<br>Cochranton Elementary School<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Jan VanTuil, Board Member<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Mary Vogan, Board Member<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Bernard Wagner, Plaintiff's Husband<br>166 North Franklin Street<br>Cochranton, PA 16314 | X | |
| Fred Wagner<br>c/o 166 North Franklin Street<br>Cochranton, PA 16314 | X | |

|  | | Type |
| Witness | Liability | Damages |
|---|---|---|
| Mark Weathers, Teacher<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| John White, Former Board Member<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| Donald Wigton, Principal<br>Cochranton High School<br>Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |
| George Wright, Former Board Member<br>c/o Crawford Central School District<br>11280 Mercer Pike<br>Meadville, PA 16335-9504 | X | |

Defendant reserves the right to amend this list of witnesses in a timely fashion.

Defendant reserves the right to call as its own witness any individual listed as a

potential witness in Plaintiff's Narrative.

## VI.    EXHIBITS

Defendant may use some or all of the following exhibits at trial:

1.    Deposition transcripts, with exhibits, of Asuman Baskan, Samuel Byrd, Michael Dolecki, Suzanne Good, Charles Heller, Daniel Hootman, Lee McFerrin, Michael Dolecki, Joye Pickens, Ross Prather, Jan Van Tuil, Rowena Wagner, Fred Wagner and Bernard Wagner

2.    Collective Bargaining Agreements between Crawford Central School District and Crawford Central Education Association

3.    September 7, 2004 letter from Plaintiff to Daniel Hootman

4.    Crawford Central School District Equal Employment Opportunity Policy

5.    Crawford Central School District organizational chart

6.    Defendants' discovery responses

7.    Defendants' initial disclosures

8.    December 21, 2002 letter from Plaintiff to George Wright requesting meeting

9.    Crawford Central School District policy on Employment of Professional Employees

10.    Intermediate Unit Emergency Substitute Teacher Consortium 2004-05

11.    Elementary substitute teacher lists for May 23, 2005, March 29, 2005, March 1, 2005, February 15, 2005, January 24, 2005, December 14, 2004, October 26, 2004, April 27, 2004, August 11, 2004 and September 1, 2004

12.    Transcript of March 27, 2006 Hearing on Defendants' Motion to Enforce Settlement

13.    February 10, 1998 memo from Robert Beebe to Vivian Kerr regarding the District's recruitment of African-American teachers

14.    List of Crawford Central School District minority hires

15.    Postings for Elementary teaching vacancies

16.    Crawford Central School District Schedules of Professional Appointments

17.    Videotape of November 27, 2002 WMGW AM Talkback program regarding George Wright's response to caller asking about Crawford Central School District's minority hires and May 23, 2005 Board meeting regarding District's agreement with Northwest Tri-County Intermediate Unit

18.    Plaintiff's personnel file

19.    Plaintiff's initial disclosures

20.    Plaintiff's discovery responses

21.    List of substitute teaching assignments for 2001-02, 2002-03 and 2003-04

22.    November 17, 2002 Classroom Observation Report regarding Plaintiff, completed by Charles Heller

23. November 26, 2002 Classroom Observation Report regarding Plaintiff, completed by Kurt Meader

24. December 9, 2002 Employment Interview Analysis Sheets for Plaintiff

25. Summary Reports of Substitute Teacher regarding Plaintiff, completed by various teachers

26. EEOC/PHRC files regarding Charge Nos. 17F-2003-61963 and 200206912

27. March 11, 2004 Employment Interview Analysis Sheets for Plaintiff

28. Teacher job description

29. Crawford Central School District hiring policies

30. November 12, 2002 Posting and Rescinded Posting for Neason Hill position

31. December 9, 2002 Employment Interview Analysis Sheets for various candidates

32. December 9, 2002 interview questions for elementary positions

33. December 9, 2002 interview schedule

34. Crawford Central School District Staff Totals Report

35. May 3, 2004 Employment Interview Analysis Forms

36. Job Description – Director of Curriculum and Instruction K-6

37. Job Description – Assistant Superintendent

38. Job Description – Superintendent

39. May 24, 2004 memo from Mike Dolecki to Marjorie Wallace at Northwest Tri-County Intermediate Unit

40. April 1, 2003 email from Harriet Powell to Brenda Schoonover regarding Plaintiff

41. Undated, unsigned handwritten comments regarding classroom management

42. List of Substitute Teaching Assignments for Heather Hood, 2001-02

43. List of Substitute Teaching Assignments Stacie Boca, 2001-02 and 2003-04

44. List of Substitute Teaching Assignments for Catherine Bainbridge, 2001-02, 2003-04 and 2004-05

45. Crawford Central School District EEO-5 Reports for 1996-97, 1998-99, 2000-01, 2002-03 and 2004-05

46. Schedule F#134 Substitute Teacher List

47. List of Elementary Education Teachers Hired for 2005-06

48. August 30, 2005 Positing of Anticipated Vacancies for 2006-07

49. July 13, 2005 List of Elementary Teachers Hired Between June 2001 and June 2005

50. Substitute Teaching Assignments for Plaintiff, 2001-02, 2003-04 and 2004-05

51. Packet regarding Naomi Uy-Moore – resume, Maryland teaching certificate, pending certification from Pennsylvania Department of Education as of September 10, 2005

52. October 18, 2005 Letter from Plaintiff to Charles Heller regarding Fifth Grade position at Cochranton Elementary

53. August 8, 2005 "Required Report" – names, hire date and certification

54. Letters from 2002 through 2004 from the District to Plaintiff regarding positions she applied for

55. Lists of Substitutes with emergency certification and the number of days they taught at the District between 2001 and 2005

56. Summary of Ethnic Classification of PSEA Membership

57. November 30, 2005 letter from Heidi Black, General Manager of Communications Center, Inc. to Charles Heller regarding retrieval of substitute records

58. November 9, 2005 affidavit of Plaintiff regarding her conversation with Kathleen Mercatoris

59.    November 9, 2005 affidavit of Plaintiff regarding her conversation with Tammy Costello and a forth grade position at Cochranton Elementary filled by Mr. Peters, denied to Plaintiff by Joanne Darling because of her lawsuit

60.    November 9, 2005 affidavit of Plaintiff regarding retaliation by the District for Plaintiff's lawsuit by not interviewing her on November 8, 2005

61.    Resumes and related documents for Leslie Jensen, Karen Jamieson, Erin Bourquin, Jennifer Stefanucci, Megan Porter, Lisa Taormina, Rebecca Kelly, Robert Bazylak, Amy Lawrence, Mark Weathers, Lori Carr, Danielle Morris, Brian Mahoney, Nikki Shearer, Ann Marie McElwain, Chad Dupont, Cheryl Krachkowski, Tammy Foster, Catherine Bainbridge, Kristen Bazylak and Susan Ford

62.    September 26, 2001 letter from Michael Dolecki to Plaintiff regarding the Board's approval of her as a substitute for the District

63.    March 2004 Employment Interview Analysis Sheets for various candidates

64.    Affidavit of Michael Dolecki

65.    Affidavits of Charles Heller

66.    Affidavit of Heidi Black

Defendant reserves the right to amend its list of exhibits in a timely fashion.

Defendant reserves the right to use any exhibit referenced in Plaintiff's Narrative.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

BY:  /s/   Mark J. Kuhar
        Mark J. Kuhar, Esq.
        120 West Tenth Street
        Erie, Pennsylvania 16501-1461
        Phone:  (814) 459-2800
        Fax:  (814) 453-4530
        E-mail:  mkuhar@kmgslaw.com
        Bar No.:  PA71185

        Attorneys for Defendant,
        Crawford Central School District, et al.

# 701883

34