IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROWENA WAGNER,  :
    Plaintiff,  :
      :  C.A. No.: 04-264
vs.  :
      :  JUDGE McLAUGHLIN
CRAWFORD CENTRAL SCHOOL  :
DISTRICT, et al  :
    Defendants.  :

**PLAINTIFF'S REPLY TO DEFENDANTS' MOTION IN LIMINE**

Plaintiff files the following reply to defendants' Motion in Limine.

**A. Plaintiff's Statistical Evidence is Relevant to Her Claims of Discrimination.**

Plaintiff intends to introduce statistical evidence that would demonstrate that the defendant Crawford Central School District (the "District") has hired very few minority teachers in the last several years, especially considering the racial composition of its students. Contrary to defendants' argument, such evidence is probative of defendants' lengthy pattern of discrimination (since at least 1983), which continued with plaintiff.

"Statistics showing racial or ethnic imbalance are probative in [an employment discrimination case]…because such imbalance is often a telltale sign of purposeful discrimination; absent explanation, it is ordinarily to be expected that nondiscriminatory hiring practices will in time result in a workforce more or less representative of the racial and ethnic population in the community from which the employees are hired."[1] International Broth. of Teamsters v. U.S., 431 U.S. 324, 340 n. 20, 97 S.Ct. 1843 (1977). Moreover, statistical evidence

---

[1] This is also why evidence of the racial composition of the students is relevant.

may be used to establish a prima facie case in an individual discrimination case. Thompson v. Sawyer, 678 F.2d 257, 284 (D.C. Cir. 1982).

Here, plaintiff will present other evidence of discrimination besides statistical evidence (e.g., that a member of the Board stated that "it is well known that black and brown people aren't as smart as white people.") Thus, the statistical evidence, combined with the other evidence, is relevant and supports plaintiff's claim of discrimination.

Moreover, defendants will be able to cross-examine the witnesses regarding what the statistics do and do not show. In sum, the statistics are relevant and therefore admissible.

**B. Defendants' Hiring Decisions After October 2004 are Relevant.**

As defendants know, through discovery and motions,[2] plaintiff alleges that the discriminatory acts against her did not cease in October 2004. Specifically, plaintiff has still not been hired as a full- time teacher or substitute teacher, which she claims is because of either racial discrimination or retaliation. In either event, the harm to plaintiff continues to the present. The harm to plaintiff after October 2004 is not based on new allegations or "late – raised theories of liability or claims."

Evidence of discriminatory actions that were first identified in the complaint, and then continued after the filing of the complaint, should not be barred because plaintiff did not file an Amended Complaint every few months stating that she has still not been hired.[3] Additionally, plaintiff has a claim of retaliation following the filing of her federal lawsuit in September 2004. Obviously, in order to prove retaliation, plaintiff should be permitted to present evidence that she

---

[2] For example, plaintiff states in her Statement of Material Facts at #6 in support of her summary judgment motion that "During 2002, 2003, 2004, and **2005**," she applied for more than 75 jobs.

[3] As the Court may recall, the plaintiff filed a motion to file a Second Amended Complaint in November 2005, but the Court denied the motion.

was not hired after September 2004, as well as demonstrate who has been hired since September 2004.

Moreover, there is no prejudice to defendants. Defendants are well aware of all hires after 2004, and have provided discovery on such issues. Thus, evidence should be permitted to demonstrate that defendants' discriminatory acts have continued after October 2004 until the present.

### C.  The Time Period Between January 2002 and April 2004 is Relevant.

In her Amended Complaint, plaintiff states she was a victim of discrimination in December 2002 when she was abruptly terminated as a substitute teacher. However, the amended complaint also alleges at paragraph 35 that "The Defendants approved of, acquiesced in a **longstanding** custom, policy or tradition of denying Plaintiff and minorities equal opportunities and engaged in unlawful employment practices that exclude minority group members." (emphasis added)

Thus, evidence of hiring decisions by the District in January 2002 to November 2002 is relevant to plaintiff's claim of longstanding customs and policies, and plaintiff should be permitted to present evidence regarding hiring decisions from 2002 to 2004. Although defendants argue they did not hire any "external individuals" for any full-time elementary positions between January 2002 and April 2004, it is defendants' burden to prove such facts at trial.

### D.  The Relevant Case Law has Long Held That It Is Not Necessary to File an Additional Administrative Claim on a Retaliation Charge Based on the Original Charge.

Defendants argue that plaintiff cannot pursue her retaliation charge, which is based on her treatment by defendants after she filed her EEOC charge and lawsuit, because she did not file a second charge with the PHRC or EEOC regarding retaliation.

The case law, however, is contrary to defendants' position.  In <u>Gupta v. East Texas State University</u>, 654 F.2d 411, (5th Cir. 1981),  the plaintiff filed a discrimination lawsuit, and then was notified his teaching contract would not be renewed.  Gupta contended that his non-renewal was in retaliation for his filing charges with the EEOC; however, he never filed an additional charge with the EEOC alleging retalitory discharge.  The Fifth Circuit held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation charge growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the Court."  <u>Id</u>. at 414.  The Fifth Circuit reasoned:

> There are strong practical reasons and policy justifications for this conclusion.  It is the nature of retaliation claims that they arise after the filing of the EEOC charge.  Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case – a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII.  See *Held v. Missouri Pacific Railroad Co.*, 373 F.Supp. at 1001, and *National Organization for Women v. Sperry Rand Corp.*, 457 F.Supp. 1338, 1344 (D.Conn. 1978).  We are reluctant to erect a needless procedural barrier to the private claimant under Title VII, especially since the EEOC relies largely upon the private lawsuit to obtain the goals of Title VII.  *National Organization for Women v. Sperry Rand Corp.*, 457 F.Supp. at 1344; *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 460-61 n. 1 (5th Cir. 1970).  Intertwined with this practical reason for our holding is a strong policy justification.  Eliminating this needless procedural barrier will deter employers from attempting to discourage employees from exercising their rights under Title VII.  *National Organization for Women v. Sperry Rand Corp*., 457 F.Supp. at 1344.  <u>Id</u>.

See also <u>Nichols v. General Motors Co.</u>, 978 F.Supp. 743, 746 (S.D. Ohio 1997) ("However, it is unnecessary for a plaintiff to exhaust administrative remedies prior to filing a retaliation claim

that grows out of the earlier administrative charge properly before the Court."); <u>Ang v. Proctor and Gamble Co.</u>, 932 F.2d 540, 546-47 (6th Cir. 1991); <u>Boyd v. Brookstone Corp. of N.H., Inc.</u>, 857 F.Supp. 1568 (S.D. FL. 1994).

      Here, there is no dispute that the earlier discrimination charge was properly before the Court. Therefore, it was not necessary for plaintiff to file a second EEOC charge based on defendants' retaliation.

      Moreover, plaintiff has also alleged § 1983 violations based on defendants' retaliation. The Supreme Court has held that exhaustion of administrative remedies is not required prior to bringing suit under § 1983. <u>Patsy v. Board of Regents of State of Florida</u>, 457 U.S. 496, 102 S.Ct. 2557 (1982).

      Thus, plaintiff should be permitted to present evidence of retaliation.

**E.**    **Testimony from Plaintiff's Former Professors and Student Teaching Advisors Should Not Be Barred.**

      Plaintiff intends to present evidence from former Professors and Student Teaching Advisors as to her qualifications. Such evidence is relevant since one of the main reasons given by defendants for not hiring plaintiff was that she had difficulty with the English language. These witnesses will testify that they saw no such language problems with plaintiff. Moreover, the witnesses will testify that plaintiff was qualified for the teaching positions that were available. Again, defendants will have an opportunity during cross-examination to show the extent of these witnesses' knowledge of plaintiff's teaching abilities.

**F.**    **Plaintiff is Not Planning to Introduce Evidence that the District Hiring Procedure Constituted an Invalid or Unsubstantiated Testing.**

This issue is moot, since plaintiff does not plan to introduce such evidence. Rather, plaintiff will introduce evidence (and argue) that the interview process was subjective, and thus vulnerable to the interviewer's own standards. Plaintiff will also introduce evidence that she was subject to different tests (including interviews and observations) than other applicants.

**G.    Plaintiff Should Be Permitted to Introduce Evidence of Her Lost Wages and Benefits.**

Plaintiff's lawsuit alleges she should have been hired by at least November 2002. Therefore, her damages would include her lost wages from November 2002 to the present.

Defendants argue that such evidence cannot be introduced since she is not entitled to lost wages because she did not mitigate her damages. However, defendants have the burden of proving, as an affirmative defense, that she failed to mitigate damages. The defendant may prove this by showing that substantially similar work was available and that plaintiff did not exercise reasonable diligence to obtain such employment. Booker v. Taylor Milk Co, Inc., 64 F.3d 860, 864 (3d Cir. 1995). The defendant must also show that the employee would have had a reasonable chance of obtaining such work. Wheeler v. Snyder Buick, Inc., 794 F.2d 1228, 1234 (7th Cir. 1986). Such evidence of mitigation has yet to be proven here.

Here, plaintiff will introduce evidence of her job search and lost wages. Once lost wages are in evidence, the burden shifts to defendants to prove, if they can, the affirmative defense of lack of mitigation.

Wherefore, for the above stated reasons, defendants' motion in limine should be denied.

        Respectfully submitted,


<u>/s/ John J. Mead</u>
John J. Mead, Esquire
Suite 800 Renaissance Centre
1001 State Street
Erie PA  16501
(814)  459-1726