IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROWENA WAGNER, | ) |
| Plaintiff, | ) ) ) |
| | ) Civil Action No. 04-264 Erie |
| v. | ) ) ) |
| CRAWFORD CENTRAL SCHOOL DISTRICT, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., DISTRICT J.

      Presently pending before the Court is the Defendant's Motion in Limine [Doc. No. 116].

      Plaintiff claims that the District unlawfully retaliated against her by denying her employment opportunities as a long-term substitute teacher and/or permanent teacher following the filing of a complaint with the PHRC in February 2003 and a lawsuit in this Court in September 2004. Specifically, Plaintiff claims that the District failed to hire her in March 2004 or interview her thereafter in retaliation for having instituted the previously described legal action.

      The District's motion is based upon the contention that Plaintiff failed to exhaust her administrative remedies relative to her Title VII retaliation claim. (Motion in Limine [Doc. No. 116] ¶ 1(d); Defendants' Brief in Support of Motion in Limine [Doc. No. 117] pp. 7-8.) For the reasons that follow, we will grant the District's motion relative to the Title VII retaliation claim.

      Plaintiff completed a "Failure to Hire Questionnaire" with the PHRC on February 20, 2003. (Def. Ex. B.)[1] In this Questionnaire, Plaintiff alleged race and national origin discrimination in connection with the District's failure to hire her as a long-term substitute teacher to replace Joye Pickens. (Def. Ex. B). Plaintiff's PHRC Complaint, verified that same date, charged the District with national origin and race discrimination in connection with the District's failure to hire Plaintiff for the Pickens position. (Def. Ex. PP.) A fact finding

---

[1] The exhibits referenced herein are the exhibits admitted at trial.

conference was conducted by the PHRC on May 9, 2003.  (Minute Entry of Telephonic Conference held March 26, 2008 [Doc. No. 136].)  The PHRC's investigation was limited to the allegations contained in the February 2003 charge.  (Tr. Vol. 4, p. 108).  The PHRC issued its "Findings of the Investigation" on August 6, 2004.  (Tr. Ex. EE).   Prior to issuing its findings, the PHRC had no further contact with the District.  (Tr. Vol. 4, p. 108).

It is undisputed that the February 2003 PHRC charge was the only charge Plaintiff filed with the PHRC and it was never amended.  (Tr. Vol. 4, pp. 103-104.)  It is further undisputed that no allegations of retaliation were included in this charge.  (Def. Ex. PP.)  Finally, the PHRC's findings did not reference any findings relative to a retaliation claim.  (Def. Ex. EE.)  The PHRC's findings were limited to the District's alleged refusal to hire Plaintiff for the Pickens position and the District's alleged refusal to hire her for approximately twenty other positions which were filled pursuant to a Collective Bargaining Agreement.  (Def. Ex. EE.)

*A.     Title VII exhaustion*

A Title VII claimant (and a claimant under the PHRA) must exhaust administrative remedies prior to seeking relief in federal court.  Burgh v. Borough Council of Montrose, 251 F.3d 465, 470 (3rd Cir. 2001).  Although Plaintiff did not file an administrative charge alleging retaliation, if the "incident (1) falls within the scope of a prior [PHRC] complaint, or (2) falls within the scope of the [PHRC] investigation which arose out of it[,]" Plaintiff may nonetheless be excused from exhausting her claim.  Robinson v. Dalton, 107 F.3d 1018, 1025 (3rd Cir. 1997); Waiters v. Parsons, 729 F.2d 233, 237 (3rd Cir. 1984) (per curiam).

Here, we conclude that Plaintiff's retaliation claim is clearly outside the scope of her PHRC complaint and did not fall within the PHRC's investigation of her national origin/race discrimination claim.  The retaliatory conduct alleged by Plaintiff occurred subsequent to the PHRC's investigation of her claim.  Any retaliatory conduct that occurred after the PHRC completed its investigation does not fall within the scope of the agency's investigation. Crumpton v. Potter, 305 F. Supp. 2d 465, 476 (E.D.Pa. 2004) (finding claim not within the scope of agency investigation where act occurred after agency decision); Moss v. Potter, 2007 WL 1521210 at *4 (W.D.Pa.) (EEOC could not have investigated retaliation claim since it occurred after investigation), aff'd per curiam, 2007 WL 2900551 (3rd Cir. 2007); Allen v. Nat'l Railroad

2

Passenger Corp., 2005 WL 2179009 at *11 (E.D.Pa. 2005) (finding retaliation claim not properly before the court since the retaliatory acts occurred after the EEOC completed its investigation), aff'd on other grounds, 228 Fed. Appx. 144 (3rd Cir. 2007).

We further reject Plaintiff's contention that the doctrine of equitable tolling applies. The doctrine is sparingly applied. Podobnik v. U.S. Postal Service, 409 F.3d 584, 591 (3rd Cir. 2005). Equitable tolling may be utilized where: (1) the defendant has actively misled the plaintiff; (2) the plaintiff has "in some extraordinary way" been prevented from asserting her rights; or (3) the plaintiff has timely asserted her rights mistakenly in the wrong forum. Oshiver v. Levin, Fishbein, Sedran & Brennan, 38 F.3d 1380, 1387 (3rd Cir. 1994) (citations and quotations omitted). None of the criteria for equitable tolling have been met here.

We further reject Plaintiff's argument that the District has waived the exhaustion requirement since it was not raised in either an objection to the amended complaint or in their summary judgment motion. Pursuant to Federal Rule of Civil Procedure 12(h)(2), the defense of failure to state a claim upon which relief can be granted "may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or *at the trial on the merits*." Fed.R.Civ.P. 12(h)(2) (emphasis added); Weaver v. Bowers, 657 F.2d 1356, 1360 (3rd Cir. 1981) (noting that although it was desirable to raise Rule 12(h)(2) defenses as early as possible, the Rule permits presentation of the defenses "at" trial, i.e., before disposition on the merits), cert. denied, 455 U.S. 942 (1982); Barry v. Ohio Casualty Group, 2007 WL 128878 at *4 n.6 (W.D.Pa. 2007) ("Rule 12(h)(2) clearly permits a party to raise a defense of failure to state a claim upon which relief can be granted at the trial on the merits."). Here, the District raised the exhaustion issue in its answer and in a motion in limine before the commencement of trial. (Defendants' Answer to Plaintiff's First Amended Complaint ¶¶ 20-21 [Doc. No. 10]; Motion in Limine [Doc. No. 116]; Defendants' Brief in Support of Motion in Limine [Doc. No. 117 pp. 7-8.)

For the foregoing reasons we shall grant the District's motion relative to the Title VII retaliation claim.

B.     *§ 1983 exhaustion*

We reach a different result however, with respect to Plaintiff's retaliation claim under 42

3

U.S.C. § 1983.  A plaintiff may pursue a remedy under § 1983 as well as under Title VII when the defendant's conduct violates both Title VII and a separate constitutional right.  Regan v. Township of Lower Merion, 36 F. Supp. 2d 245, 249 (E.D.Pa. 1999) (allowing § 1983 claim based on defendants' alleged retaliation due to plaintiff's complaints about sexual harassment).  A plaintiff alleging that a particular act of a defendant violated both Title VII and the plaintiff's constitutional rights must exhaust administrative remedies for the Title VII claim but not for the constitutional claims.  Joyner v. School Dist. of Philadelphia, 313 F. Supp. 2d 495, 501 (E.D.Pa. 2004) (noting that constitutional rights are distinct from those created under Title VII).  The constitutional claims are immediately actionable under § 1983.  Patsy v. Florida, 457 U.S. 496, 516 (1983) ("[I]t is settled that there is no statutory requirement or congressional policy mandating exhaustion of administrative remedies with regard to [§ 1983 claims]."); Mieczkowski v. York City School Dist., 2007 WL 4224382 at *3 (M.D.Pa. 2007) (although plaintiff's claims were derived from common facts, defendant may not invoke a Title VII exhaustion defense against non-Title VII claims; plaintiff's failure to exhaust administrative remedies under Title VII had no effect on her civil rights claim).

      Here, although Plaintiff does not specifically articulate the basis for her § 1983 claim, we infer, based upon a fair reading of her First Amended Complaint, that it is based upon the contention that her First Amendment rights were violated when she was retaliated against for filing her PHRC charge and her federal lawsuit.  Because Plaintiff has alleged conduct that implicates a separate constitutional right, *i.e.,* retaliation based upon First Amendment Petition Clause activities, exhaustion is not required.  Anderson v. Davila, 125 F.3d 148, 161 (3rd Cir. 1997) (holding that plaintiff's filing of an EEOC complaint and discrimination lawsuit constituted protected activity under the First Amendment);  Hill v. Borough of Kutztown, 455 F.3d 225, 242 (3rd Cir. 2006) (complaints to the PHRC and EEOC "might well qualify as 'petitioning,' and thus would constitute protected activity.");  Brennan v. Norton, 350 F.3d 399, 417 (3rd Cir. 2003) (filing a lawsuit implicates the Petition Clause of the First Amendment).  We shall therefore deny the District's motion with respect to Plaintiff's § 1983 retaliation claim.

AND NOW, this 31st day of March, 2008, and for the preceding reasons, IT IS HEREBY ORDERED THAT Defendant's Motion in Limine is GRANTED with respect to Plaintiff's Title VII retaliation claim and DENIED with respect to Plaintiff's § 1983 retaliation claim.

s/ Sean J. McLaughlin<br>
United States District Judge

cm: All parties of record.